UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| The Humane Society of the United States;<br>Help Our Wolves Live ("HOWL"); and<br>Animal Protection Institute,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>Dirk Kempthorne, Secretary of the Interior;<br>United States Department of the Interior; and<br>United States Fish and Wildlife Service,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 1:07-cv-00677-PLF |

**PLAINTIFFS' RESPONSE TO THE MOTIONS TO
INTERVENE OF SAFARI CLUB INTERNATIONAL *ET AL.*
AND THE U.S. SPORTSMEN'S ALLIANCE FOUNDATION *ET AL.*.**

In this action, Plaintiffs, a coalition of wildlife protection groups, challenge the federal government's decision to remove the protections of the Endangered Species Act ("ESA") from gray wolves in the Great Lakes region. As explained in Plaintiffs' Complaint, the U.S. Fish and Wildlife Service ("FWS") violated the ESA by delisting the western Great Lakes distinct population segment of the gray wolf. *See* 72 Fed. Reg. 6052 (Feb. 8, 2007) (the "Final Rule"). The wolf, whose recovery under the ESA remains incomplete, cannot legally be delisted.

Two sets of sport hunting organizations have now moved to intervene in this action, ostensibly for the purpose of defending the Final Rule, although their moving papers are largely devoted to collateral arguments about the importance of hunting and "wolf population control," as well as unsupported allegations about Plaintiffs' purported desire to keep gray wolves "on the endangered

1

species list in perpetuity." *See* Motion of Safari Club International *et al.* to Intervene as Defendants, filed Apr. 24, 2007, at 4, 7 ("Safari Club Mot."); *see also* Memorandum in Support of Motion to Intervene by U.S. Sportsmen's Alliance Foundation *et al.*, filed Apr. 20, 2007, at 10 ("Sportsmen's Alliance Mot.") (noting the expanded opportunities for killing wolves under state management).

As explained in the Complaint, Plaintiffs contend that the gray wolf must be protected until it has recovered across "all or a significant portion of its range." 16 U.S.C. § 1532(6). Nor would protecting wolves until they achieve recovery "result[] in harm to the . . . wolf population." Safari Club Mot. at 6. Indeed, by stressing the need for state management to maintain a "balance between wolf conservation and human tolerance of wolves," *id.* at 16, the applicants underscore the continuing threats that wolves face without ESA protection. Just last year, this Court rejected the "labyrinthian" notion that killing these endangered wolves "will increase social tolerance for wolves and ultimately result in fewer illegal killings of wolves." *Humane Soc'y of the United States v. Kempthorne*, Civ. No. 06-1279-CKK, -- F. Supp. 2d --, 2006 WL 4172895 at *9 (D.D.C. Aug. 9, 2006). By prematurely lifting the protections of the ESA, the FWS has opened the door to aggressive "wolf population control," including the likelihood of future "wolf harvest seasons." Safari Club Mot. at 11.

## ARGUMENT

In order to qualify for intervention as of right, an applicant must meet four requirements: (1) the application must be timely; (2) the applicant must have an interest relating to the transaction that is the subject of the action; (3) the applicant must be so situated that a disposition of the action may impair or impede its ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties to the action. *See Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003). In addition, in this Circuit the applicant must demonstrate Article III standing. *Id.* at 731-32.

The applicants in this case do not satisfy the requirements for intervention as of right under Fed. R. Civ. P. 24(a). In particular, the applicants have not demonstrated a sufficient interest relating to the subject of the action, nor have they shown that their interests will be inadequately represented by the federal government – which, as the applicants acknowledge, intends to defend this lawsuit. Safari Club Mot. at 18; Sportsmen's Alliance Mot. at 12. The FWS has likewise confirmed that the government will respond to this legal challenge. Wolf Tracks IX - *A Summary of Gray Wolf Activities and Issues*, at 9 (Apr. 2007), *available at* http://www.fws.gov/midwest/wolf/wolf-tracks/tracks9.pdf. The applicants argue that the government will not represent their interests because it must "balance competing values," Sportsmen's Alliance Mot. at 13, or represent "different groups with competing motivations." Safari Club Mot. at 20; *see, e.g.*, *Fund for Animals*, 322 F.3d at 736 (finding that the Mongolian government was not adequately represented because the U.S. government represents "the interests of the American people," as opposed to "Mongolia's people and natural resources"); *see also Friends of Animals v. Kempthorne*, 452 F. Supp. 2d 64 (D.D.C. 2006). But where, as here, "there is no evidence of any disagreement of any sort between the federal defendants and the [sport hunter groups]," this Court should decline to grant intervention as of right. *Humane Soc'y of the United States v. Clark*, 109 F.R.D. 518, 520 (D.D.C. 1985).

Nonetheless, because of the far-reaching significance of the Final Rule, Plaintiffs do not oppose the applicants' participation under the permissive intervention clause of Fed. R. Civ. P. 24(b), provided, however, that their participation does not "unduly delay or prejudice the adjudication of the rights of the original parties," or frustrate the Court's interest in efficient administration of this case. Fed. R. Civ. P. 24(b)(2). To avoid the burden that would result from multiple, duplicative submissions by parties representing the same perspective – and to ensure compliance with this Court's page limitations – the Court should require the sport hunting intervenors to jointly file a single set of briefs and other

papers in this case.[1]

Requiring the applicants to file a single set of briefs is appropriate because the two sport hunting coalitions represent identical interests. In its moving papers, the Safari Club group tries to draw a distinction between its interests and those of the Sportsmen's Alliance group, namely, that the latter only represents bear hunters with dogs, who constitute a "small faction of the hunters impacted by the delisting." Safari Club Mot. at 20-21. The Safari Club group argues that it represents "a larger and broader community of hunters," *id.* at 21, but it fails to identify any practical difference between the interests of hunters who use dogs versus those who do not. Even assuming there were one, this purported distinction is belied by the Sportsmen's Alliance group's submission to the Court. The Sportsmen's Alliance group, which includes four named parties, encompasses "approximately 1.5 million members through 1,300 affiliated conservation organizations," including members throughout the Great Lakes region. Sportsmen's Alliance Mot. at 4; Sexton Decl. ¶ 3. This coalition is "dedicated to protecting the heritage of American's [*sic*] sportsmen and sportswomen to hunt, trap, and fish." Sportsmen's Alliance Mot. at 4. And although the Sportsmen's Alliance group has emphasized the importance of hunting dogs to some of its members, the group also represents hunters that do not use hunting dogs, and the group seeks to bring a "national perspective on wildlife management issues" to this case. *Id.* at 3-4.

---

[1] This condition should be applied regardless of whether the applicants are granted intervention as of right or permissively. *See Fund for Animals*, 322 F.3d at 737 n.11 ("An intervention of right under the amended rule [24(a)] may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings.") (quoting Advisory Committee Note on Fed. R. Civ. P. 24); *see also Beauregard, Inc. v. Sword Services LLC*, 107 F.3d 351, 353 (5th Cir. 1997) (noting the "firmly established principle that reasonable conditions may be imposed even upon one who intervenes as of right"); *United States v. Duke Energy Corp.*, 171 F. Supp. 2d 560, 565 (M.D.N.C. 2001) ("Applicants have an unconditional right to intervene, but this does not prevent the imposition of reasonable limitations on Applicants' participation to ensure the efficient adjudication of the litigation.") (citing cases).

The Safari Club group represents the same interests. Safari Club International, which has approximately 53,000 members, describes its mission as "the conservation of wildlife, protection of the hunter, and education of the public concerning hunting and its use as a conservation tool." Safari Club Mot. at 7. The National Rifle Association, which includes four million members, likewise seeks to "'promote and defend hunting as a shooting sport and as a viable and necessary method of fostering the propagation, growth and conservation, and wise use of our renewable wildlife resources.'" *Id.* at 11-12. Like the Sportsmen's Alliance group, the Safari Club group seeks to intervene "on behalf of both hunters who utilize dogs and those who do not." *Id.* at 21. Thus, the two groups of applicants will represent the precisely the same interests. If these closely aligned groups are both allowed to intervene and file *separate* briefs, these parties will effectively double the otherwise applicable page limits – a result that would not only prejudice Plaintiffs, but would also unnecessarily burden the Court.

These very concerns led Judge Urbina to require joint briefing in a similar case involving multiple intervention motions. *See Fund for Animals v. Williams*, No. 03-0677-RMU, Order (D.D.C. Apr. 16, 2003) (Attachment A). In that case, which concerned the FWS's decision to expand hunting in national wildlife refuges, the U.S. Sportsmen's Alliance Foundation and Safari Club International filed separate motions to intervene. The Court allowed these sport hunting groups to intervene but ordered them to "consolidate their pleadings and court papers into single filings on behalf of all of the intervenors." *Id.* The Court also imposed page limits on the intervenors' filings.[2] Likewise, in *Spirit of the Sage Council v. Babbitt* Judge Sullivan placed similar conditions on nearly a dozen industry groups that intervened on behalf of the federal government. *Spirit of the Sage Council*, No. 98-1873-EGS, Order Granting Motions for Leave to Intervene (D.D.C. Feb. 5, 1999) (Attachment B).

---

[2] Except by leave of Court, the intervenors were restricted to 20 pages for any principal brief and 10 pages for any reply. The Court also restricted the plaintiffs' response to any submission by the intervenors to 20 pages.

The same procedure can be applied in this case without any prejudice to the intervenors. As in the cases cited above, requiring the intervenors to file a single set of papers does not in any way prevent the individual parties from continuing to be represented by their own counsel.[3]

## **CONCLUSION**

For the foregoing reasons, Plaintiffs have no objection to the applicants' participation in this action, provided that these closely aligned parties present their arguments in a single set of papers to ease the paperwork burden on the Court.

---

[3] If this Court is inclined to let the applicants file separate briefing, Plaintiffs request that the Court limit the intervenors to 20 pages for principal briefs and 10 pages for replies. Otherwise, Plaintiffs and the Court could be forced to wade through 210 pages of summary judgment briefing on behalf of all the defendants in this case. *See* LCvR 7(e) (45 pages for each principal brief and 25 for each reply for each of the three defense parties).

Dated: May 1, 2007                               Respectfully submitted,

                                                  /s/  Michael C. Soules & Rebecca G. Judd
                                                  Rebecca G. Judd, D.C. Bar No. 486315
                                                  rjudd@hsus.org
                                                  Jonathan R. Lovvorn, D.C. Bar No. 461163
                                                  jlovvorn@hsus.org
                                                  The Humane Society of the United States
                                                  2100 L Street, NW
                                                  Washington, DC  20037
                                                  (202) 452-1100
                                                  (202) 778-6132 (facsimile)

                                                  Brian B. O'Neill, Minn. Bar No. 82521
                                                  boneill@faegre.com
                                                  Sanne H. Knudsen, Minn. Bar No. 0344552
                                                  sknudsen@faegre.com
                                                  Michael C. Soules, D.C. Bar No. 477911
                                                  msoules@faegre.com
                                                  FAEGRE & BENSON LLP
                                                  2200 Wells Fargo Center
                                                  90 South Seventh Street
                                                  Minneapolis, MN  55402-3901
                                                  (612) 766-7000
                                                  (612) 766-1600 (facsimile)

                                                  *Attorneys for Plaintiffs The Humane Society of
                                                  the United States, Help Our Wolves Live, and
                                                  Animal Protection Institute*

**CERTIFICATE OF SERVICE**

      I certify that on May 1, 2007, I served via United States Mail, postage prepaid, a copy of **Plaintiffs' Response to the Motions to Intervene of Safari Club International *et. al.* and the U.S. Sportsmen's Alliance Foundation *et al.*** , in the matter of *The Humane Society of the United States v. Kempthorne*, No. 1:07-cv-00677-PLF, on the following:

Jimmy A. Rodriguez
United States Department of Justice
P.O. Box 7369
Washington, DC  20044-7369

William P. Horn
Birch, Horton, Bittner and Cherot
1155 Connecticut Avenue, NW
Suite 1200
Washington, DC  20036

Anna Margo Seidman
Douglas Scott Burdin
Safari Club International
501 2nd Street, NE
Washington, DC  20002


   /s/ Michael C. Soules

**Plaintiffs' Response to the Motions to Intervene of
Safari Club International *et al.* and the U.S. Sportsmen's Alliance Foundation *et al.*

**Attachment A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE FUND FOR ANIMALS, et al., | ) |
| | ) |
| Plaintiffs, | ) Civ. No. 03-0677(RMU) |
| | ) |
| v. | ) |
| | ) |
| STEVEN WILLIAMS, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

Upon consideration of the motions for leave to intervene filed by Safari Club International, Safari Club International Foundation, and the U.S. Sportsmen's Alliance Foundation, plaintiffs' response thereto, and the entire record, it is this 16th day of April, 2003,

**ORDERED** that the motions for leave to intervene are **GRANTED**; and it is

**FURTHER ORDERED** that the intervenors must consolidate their pleadings and court papers into single filings submitted on behalf of all of the intervenors; and it is

**ORDERED** that, unless the court grants leave in advance, no motion or opposition by the intervenors exceed 20 pages; no reply by the intervenors exceed 10 pages; and no response by the plaintiffs to any submission by the intervenors exceed 20 pages.

**SO ORDERED.**

RICARDO M. URBINA
United States District Judge

Copies to:

Jonathan R. Lovvorn
Tanya Sanerib
Eric R. Glitzenstein
Meyer & Glitzenstein
1601 Connecticut Ave., N.W., Suite 700
Washington, D.C. 20016

William P. Horn
Barbara A. Miller
Birch, Horton, Bittern and Cherot
1155 Connecticut Ave., N.W.
Washington, DC 20036

Anna M. Seidman
2087 Kedge Drive
Vienna, Virginia 22181

Peter Blumberg
Assistant United States Attorney
Judiciary Center Building
555 4th St., NW
Washington, DC 20001

**Plaintiffs' Response to the Motions to Intervene of
Safari Club International *et al.* and the U.S. Sportsmen's Alliance Foundation *et al.*


**Attachment B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SPIRIT OF THE SAGE COUNCIL, )
et al., )
 )
            Plaintiffs, )
 )
       v. )  Civil Action No. 98-1873
 )  (EGS)
BRUCE BABBITT, )
SECRETARY, )  **FILED**
U.S. DEPT. OF THE INTERIOR, )
et al., )  FEB - 5 1999
 )
            Defendants. )  NANCY MAYER-WHITTINGTON, CLERK
 )  U.S DISTRICT COURT

## ORDER GRANTING MOTIONS FOR LEAVE TO INTERVENE

Upon consideration of the motions for leave to intervene filed by Western Urban Water Coalition; Coalition for Habitat Conservation, the National Association of Home Builders, the County of Kern, the Kern Water Bank Authority, the Foothill/Eastern Transportation Corridor Agency, and the Building Industry Legal Defense Foundation; American Forest and Paper Association; and the City of San Diego, County of San Diego, County of Orange, and Irvine Ranch Water District; and the responses and replies thereto, including the federal defendants' support of the motions to intervene, it is

   ORDERED that the motions for leave to intervene [3-1, 9-1, 20-1 & 24-1] are **GRANTED**; and it is

   FURTHER ORDERED that the motion for amicus status [20-2] is **DENIED AS MOOT**; and it is

Attachment 1

**FURTHER ORDERED** that plaintiff's motion for leave to file amended complaint [15-1] is **GRANTED**; and it is

**FURTHER ORDERED** that because of the potential for a conflict of interest between attorneys working for the same law firm, plaintiff's motion for Benjamin S. Sharp to appear pro hac vice [6-1] is **DENIED WITHOUT PREJUDICE**; and it is

**FURTHER ORDERED** that defendant-interveners must consolidate their pleadings or court papers into single filings submitted on behalf of all of the interveners; and it is

**FURTHER ORDERED** that a status hearing is scheduled for March 16, 1999 at 10:00 a.m.

2/4/99
DATE

EMMET G. SULLIVAN
United States District Judge

-2-

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The Humane Society of the United States;<br>Help Our Wolves Live ("HOWL"); and<br>Animal Protection Institute,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>Dirk Kempthorne, Secretary of the Interior;<br>United States Department of the Interior; and<br>United States Fish and Wildlife Service,<br><br>　　　　　　Defendants. | Civil No. 1:07-cv-00677-PLF |

## PROPOSED ORDER GRANTING MOTIONS TO INTERVENE

Upon consideration of the motions to intervene filed by Safari Club International *et al.* and the U.S. Sportsmen's Alliance Foundation *et al.*, and the responses and replies thereto, it is

**ORDERED** that the motions to intervene are **GRANTED**; and it is

**FURTHER ORDERED** that the intervenors must consolidate their pleadings and court papers into single filings on behalf of all of the intervenors.

**SO ORDERED**.


Dated:_____                      _____
                                           The Honorable Paul L. Friedman
                                           United States District Judge