**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HUMANE SOCIETY OF THE ) <br> UNITED STATES, et al. ) <br> ) <br>     Plaintiffs, ) <br> ) <br>   v. ) <br> ) <br> DIRK KEMPTHORNE, ) <br> SECRETARY OF THE INTERIOR, et al. ) <br> ) <br> ) <br>     Federal Defendants, ) <br> ) <br> and ) <br> ) <br> THE U.S. SPORTSMEN'S ALLIANCE ) <br> FOUNDATION, WISCONSIN BEAR ) <br> HUNTERS ASSOCIATION, SCOTT ) <br> MEYER, and ROBERT STAFSHOLT ) <br> ) <br>     Applicant Intervenor/Defendants. ) | **Case: 1:07-cv-00677** |

**REPLY OF THE U.S. SPORTSMEN'S ALLIANCE FOUNDATION, WISCONSIN BEAR
HUNTERS ASSOCIATION, SCOTT MYER, and ROBERT STAFSHOLT
TO PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE**

The U.S. Sportsmen's Alliance Foundation, Wisconsin Bear Hunters Association, Scott Myer, and Robert Stafsholt (the "Hunting Intervenors") hereby file their Reply to the Plaintiffs' Response (Docket No. 9) to their Motion to Intervene (Docket No. 4).

The Humane Society of the United States, Help Our Wolves Live ("HOWL"), and the Animal Protection Institute (the "Plaintiffs") do not oppose the Hunting Intervenors' participation under the permissive intervention clause of Fed. R. Civ. P. 24(b). Pls.' Resp. at 3 (Docket No. 9). The Plaintiffs acknowledge the "far-reaching significance" of the Fish and Wildlife Service's ("Service") Final Rule, and thus, do not oppose the Motion to Intervene. Id.

While Plaintiffs' consent to Rule 24(b) permissive intervention lessens the practical importance of the distinction between permissive intervention and intervention as of right under Rule 24(a), the Hunting Intervenors also satisfy the requirements for intervention as of right. The Hunting Intervenors represent the specific proprietary, recreational, and emotional interests of hunters who wish to protect their hunting dogs and engage in hunting activities with or without dogs. Many of their hunting dogs were killed by wolves when the ESA listing that Plaintiffs seek to reinstate was in effect and prevented the use of defensive measures to protect the dogs from wolf attack. See Mem. of P. & A. in Supp. of Mot. to Intervene, at 9 (Docket No. 4). Contrary to Plaintiffs' argument, the Hunting Intervenors are not required to prove that the government's representation will be inadequate in fact, just that it *may* be inadequate. See Dimon v. Dist. of Columbia, 792 F.2d 179, 192 (D.C. Cir. 1986) ("The applicant need only show that representation of his interest "may be" inadequate, not that representation will in fact be inadequate," citing Trbovich v. United Mine Workers, 404 U.S. 528, 538 n. 10 (1972)). Possible divergence (whether in the litigation or any settlement discussions) is sufficient. Here, the government is charged with representing the interests of the public at large (even the interests of the Plaintiffs), and is not obligated to advocate the specific proprietary, recreational, and emotional interests of the Hunting Intervenors. Nothing in the decision under review commits the Service to protect hunting interests. Indeed, two district courts have allowed hunting groups to intervene in gray wolf listing cases under the ESA. See Humane Soc'y of the United States v. Kempthorne, Civ. No. 06-1279, Docket No. 13 at page 1 (D.D.C. Aug. 9, 2006); Defenders of Wildlife v. Norton, 324 F. Supp. 2d 1156, 1159 n.1 (D.Or. 2005).

The Hunting Intervenors oppose Plaintiffs' efforts to both: (a) reduce by more than 50% the number of pages allowed for briefing by intervenors but not for briefing by Plaintiffs or the

Federal Defendants, <u>and</u> (b) require two sets of intervenors with somewhat differing interests to share the sharply reduced page limit. The two limitations in combination are unreasonable. This is a complex fact-specific administrative record case which in all likelihood will be determined on cross-motions for summary judgment, with the memoranda in support of and in opposition to those motions functioning much like the main appellate briefs in an appeal. Requiring two separate groups of intervenors to share 20 pages in a combined appellate-like brief on dispositive motions, when all other parties get 45 pages each, is not warranted and will likely lead to an uneven presentation of the merits of the case.

## Conclusion

For the foregoing reasons, the Hunting Intervenors respectfully request the Court to grant their Motion to Intervene in this action.

DATED: May 9, 2007

                                              Respectfully Submitted,

U.S. Sportsmen's Alliance Foundation
Wisconsin Bear Hunters Association
Scott Meyer
Rob Stafsholt

By their attorneys

/s/ James H. Lister
William P. Horn (D.C. Bar No. 375666)
James H. Lister (D.C. Bar No. 447878)
Birch, Horton, Bittner & Cherot
1155 Connecticut Avenue, NW, Suite 1200
Washington, D.C. 20036
Telephone: (202) 659-5800
Facsimile: (202) 659-1027
Email: whorn@dc.bhb.com
Email: jlister@dc.bhb.com