**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HUMANE SOCIETY OF THE ) <br> UNITED STATES, et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DIRK KEMPTHORNE, ) <br> SECRETARY OF THE INTERIOR, et al. ) <br> ) <br> ) <br> Federal Defendants, ) <br> ) <br> and ) <br> ) <br> THE U.S. SPORTSMEN'S ALLIANCE ) <br> FOUNDATION, WISCONSIN BEAR ) <br> HUNTERS ASSOCIATION, SCOTT ) <br> MEYER, and ROBERT STAFSHOLT ) <br> ) <br> Applicant Intervenor/Defendants. ) | Case: 1:07-cv-00677 <br><br> **PROPOSED ANSWER OF APPLICANT DEFENDANT INTERVENORS U.S. SPORTSMEN'S ALLIANCE FOUNDATION, WISCONSIN BEAR HUNTERS ASSOCIATION, SCOTT MEYER, AND ROB STAFHOLT** |

Applicant Intervenor Defendants U.S. Sportsmen's Alliance Foundation, Wisconsin Bear Hunters Association, Scott Meyer, and Rob Stafsholt (collectively "Applicant Intervenors") respectfully submit their proposed Answer to the Complaint for Declaratory and Injunctive Relief ("Complaint") filed by Plaintiffs in this matter.  For convenience, the Defendants named in the Complaint, Secretary of the Interior Dirk Kempthorne, the U.S. Department of Interior, and the U.S. Fish and Wildlife Service, are collectively referred to in this Answer as the "Federal Defendants."

1.   In response to the allegations in paragraph 1 of the Complaint, Applicant Intervenors admit that Plaintiffs seek declaratory and injunctive relief challenging a decision by the Federal Defendants to remove the Western Great Lakes Distinct Population Segment of the

Gray Wolf from the list of threatened or endangered species. Any other allegations of paragraph 1 are denied.

2. In response to the allegations of paragraph 2 of the Complaint, Applicant Intervenors admit that the gray wolf has made a come back and that its population in the Great Lakes and Rocky Mountain Regions has increased, and admit that the Endangered Species Act ("ESA") was enacted in 1973. All other allegations of Paragraph 2 are denied.

3. The allegations of paragraph 3 of the Complaint are denied.

4. The allegations of paragraph 4 of the Complaint state legal conclusions to which no response is required and purport to summarize statutes and agency decisions which speak for themselves. Applicant Intervenors deny any portions of such summaries which are inaccurate or incomplete.

5. The allegations of paragraph 5 of the Complaint are denied.

6. Applicant Intervenors generally admit the allegations of the first sentence of paragraph 6 of the Complaint, and admit the allegations of the second sentence of paragraph 6 of the Complaint that the decision at 68 Fed. Reg. 15804 was overturned on judicial review. Applicant Intervenors are presently without sufficient information to determine the truth or falsity of the allegation in the third sentence of paragraph 6 of the Complaint that gray wolves are not found in the conterminous U.S. States except for in the Great Lakes and Northern Rocky Mountain regions, and therefore deny such allegation. Applicant Intervenors deny the other allegations of that sentence. All other allegations of paragraph 6 of the Complaint are denied.

7. The allegations of the first two sentences of paragraph 7 of the Complaint are admitted. Applicant Intervenors are without sufficient information to determine the truth or

falsity of the allegations of the third sentence of the paragraph, and therefore deny such allegations. The allegation of the fourth sentence of paragraph 7 of the Complaint is denied.

    8.    In response to the allegations of paragraph 8 of the Complaint, Applicant Intervenors admit that Plaintiffs are seeking an injunction and an order vacating the Western Great Lakes DPS delisting rule, but deny that such delisting rule violates any law and deny that the Federal Defendants violated any law.

## JURISDICTION AND VENUE

    9.    Applicant Intervenors admit the allegation of paragraph 9 of the Complaint that there is federal question jurisdiction under 28 U.S.C. § 1331.[1]

    10.    In response to paragraph 10 of the Complaint, Applicant Intervenors admit that venue is not contrary to statute, but deny the allegations that the Federal Defendants violated any laws.

## PARTIES

    11-13.    Applicant Intervenors are without sufficient knowledge to determine the truth or falsity of the allegations of paragraphs 11-13 of the Complaint, and therefore deny them.

    14.    Applicant Intervenors admit the allegations of the first sentence of paragraph 14 of the Complaint, state that the allegations of the second sentence allege a legal conclusion to which no response is required and construe a statute which speaks for itself, and admit the allegations of the third sentence that the Federal Defendants are sued in their official capacities.

---

[1] This admission should not be construed as an admission that Plaintiffs have satisfied the threshold pleading requirements of the Administrative Procedure Act, 5 U.S.C. § 551, et seq. These threshold APA requirements are sometimes referred to as being jurisdictional in nature.

## LEGAL FRAMEWORK

15-37.   The allegations of paragraphs 15 through 37 of the Complaint state legal conclusions to which no response is required.  These allegations all summarize statutes, regulations, agency decisions and other legal documents which speak for themselves.  Any portion of the summaries that are inaccurate or incomplete are denied.  Any factual allegations in these paragraphs are denied.

## FACTUAL BACKGROUND

38.   Applicant Intervenors admit the allegations of the first and second sentences of paragraph 38 of the Complaint, but are without sufficient information to admit or deny the allegations of the third sentence, and so deny those allegations.

39.   Applicant Intervenors admit the allegations of the first and second sentences of paragraph 39 of the Complaint, but deny all other allegations of the paragraph.

40.   The allegations of paragraph 40 of the Complaint are denied.

41.   The allegations of the first and last sentences of paragraph 41 of the Complaint are admitted as being generally correct.  Applicant Intervenors are without sufficient information to determine the truth or falsity of the other allegations in paragraph 41, and therefore deny them.

42.   Applicant Intervenors are without sufficient information to determine the truth or falsity of the allegations of paragraph 42 of the Complaint, and therefore deny them.

43.   The allegations of paragraph 43 of the Complaint are denied.

44.   The allegation of paragraph 44 of the Complaint that large carnivores provide an "early warning" of ecological problems is denied as overbroad.

45-47.   Applicant Intervenors are without sufficient information to determine the truth or falsity of the allegations of paragraphs 45, 46, and 47 of the Complaint, and therefore deny them.

48. The allegations of the first sentence of paragraph 48 are denied as overbroad. Applicant Intervenors are without sufficient information to determine the truth or falsity of the remaining allegations in paragraph 48, and therefore deny them.

49. Applicant Intervenors are without sufficient information to admit or deny the allegations of paragraph 49 of the Complaint, and therefore deny those allegations.

50. In response to the historical allegations of paragraph 50 of the Complaint, Applicant Intervenors admit on information and belief that the gray wolf may have once ranged through various regions in the Northern part of what is now the United States, and that development and various wolf control programs reduced their numbers before their present recovery. All other allegations of Paragraph 50 are denied.

51. The historical allegations of the first two sentences of paragraph 51 of the Complaint are admitted as being generally correct; although the old federal control program referenced may not have been "aggressive" as portrayed by Plaintiffs. The allegations in the third sentence of paragraph 51 are denied.

52-53. Applicant Intervenors are presently without sufficient information to determine the truth or falsity of the allegations of paragraph 52 and 53 of the Complaint and therefore deny them.

54. Applicant Intervenors deny the allegations of the first and second sentences of paragraph 54 of the Complaint, but admit that the FWS in August 1974 listed various subspecies of wolves, including the eastern timber wolf, as endangered or threatened under the ESA.

55. Applicant Intervenors are without sufficient information to determine the truth or falsity of the allegations of the first sentence of paragraph 55 of the Complaint, and therefore deny them. Applicant Intervenors admit the allegations in the second sentence.

56. In response to the allegations of paragraph 56 of the Complaint, Applicant Intervenors admit that listing a species under the ESA triggers certain protections under the ESA, but deny that listing under the ESA is the only way to protect a species, deny that listing under the ESA ensures the survival of a species, and deny all other allegations of the paragraph.

57. In response to the allegations of the first sentence of paragraph 57 of the Complaint, Applicant Intervenors admit that the Minnesota gray wolf population has increased substantially since the 1970s, but deny all remaining allegations and inferences in that sentence. Applicant Defendant Intervenors are presently without sufficient information to determine the truth or falsity of the allegations in the rest of paragraph 57, and therefore deny them. Further answering, Applicant Intervenors deny any alleged inference that maintaining the present healthy gray wolf population requires relisting the gray wolf in the Western Great Lakes DPS as threatened or endangered.

58. The allegations of first sentence of paragraph 58 of the Complaint that there are wolves in Northern Wisconsin and the Upper Peninsula of Michigan are admitted, although wolves may be present in other parts of those states as well. Any remaining allegations in the first sentence are denied based on lack of information to determine truth or falsity. The allegations of the remainder of the paragraph are denied based on insufficient information to determine truth or falsity.

59. The allegations of the first sentence of paragraph 59 of the Complaint are admitted as being generally correct. Applicant Intervenors are without sufficient information to determine the truth or falsity of the allegations of the second sentence of paragraph 59 of the Complaint, and therefore deny them.

60.     Applicant Intervenors are without sufficient information to determine the truth or falsity of the allegations of paragraph 60 of the Complaint, and therefore deny them. Further answering, Applicant Intervenors note that Plaintiffs seek to exclude the vast number of gray wolves and the vast areas of gray wolf range located in Canada and Alaska from their comparison of historical range and present range.

61.     The allegations of the first sentence of paragraph 61 of the Complaint are denied. Applicant Intervenors are without sufficient information to determine the truth or falsity of the remaining allegations in the paragraph, and therefore deny them. The judicial opinions cited by Plaintiffs speak for themselves, and Applicant Intervenors deny any portion of the summaries of those opinions that are inaccurate or incomplete.

62.     In response to paragraph 62 of the Complaint, Applicant Intervenors admit that the FWS by 2000 had commenced activities potentially leading to gray wolf delisting, but deny there was an "intensive campaign" to delist.

63.     The allegations of the first sentence of paragraph 63 of the Complaint are admitted. Applicant Intervenors are without sufficient information to determine the truth or falsity of the allegations of the second sentence of paragraph 63, and therefore deny them.

64.     The allegations of paragraph 64 of the Complaint are admitted as being generally accurate, although not a complete summary of the 2003 Rule.

65.     The allegations of the first sentence of paragraph 65 of the Complaint are admitted, except that any allegation of pre-set intent is denied. The allegations of the second sentence of paragraph 65 of the Complaint, that the FWS proposed on July 21, 2004 to delist the gray wolf in the Eastern DPS, 69 Fed. Reg. 43664, are admitted. However, the allegation that such action by the FWS was making "good on its threat" is denied.

66-67.   Paragraph 66 and 67 of the Complaint purports to summarize judicial opinions which speak for themselves.  Applicant Intervenors deny any portions of the summaries that are incomplete or inaccurate.

68.   The allegations of the first sentence of paragraph 68 are denied.  Applicant Intervenors are without sufficient information to determine the truth or falsity of the second through fifth sentence of the allegations in the paragraph, and therefore deny them.  The allegations of the sixth sentence summarize a judicial opinion which speaks for itself; Applicant Intervenors deny any portion of the summary that is inaccurate or incomplete.

69.   The allegations of the first sentence of paragraph 69 of the Complaint are denied.  The allegations of the second sentence purport to summarize a judicial opinion which speaks for itself.  Any portions of the summary that are inaccurate or incomplete are denied.

70.   The allegations of paragraph 70 of the Complaint are denied.

71.   The allegations of paragraph 71 of the Complaint are admitted, except that the characterization of boundaries as being "expansive" is denied, subject to further investigation.

72.   In response to the allegations of paragraph 72 of the Complaint, it is admitted on information and belief that various parties filed comments supporting or opposing the proposed rule, and that FWS ultimately determined to issue a rule delisting the Western Great Lakes DPS of the Gray Wolf.  All other allegations or characterizations are denied.

73.   The allegations of the first sentence of paragraph 73 of the Complaint are admitted.  The allegations of the second sentence are denied.

74-77.   The allegations of paragraphs 74, 75, 76, and 77 of the Complaint are denied.

78.   The allegations of the first sentence of paragraph 78 of the Complaint are denied.  In response to the second sentence of paragraph 78, it is admitted that the Minnesota and

Wisconsin management plans provide, in some circumstances, for more opportunity for appropriate lawful wolf control than was possible before the delisting of the Western Great Lakes DPS; however, all other allegations of the sentence are denied. The allegations of the final two sentences of paragraph 78 are denied.

    79-80.    The allegations of paragraph 79 and 80 of the Complaint are denied.

    81.    The allegations of the first two sentences of paragraph 81 of the Complaint are denied. Applicant Intervenors are without sufficient information to determine the truth or falsity of the allegations of the third and fourth sentences of paragraph 81, and therefore deny them.

    82.    The allegations of paragraph 82 of the Complaint are denied, except that, with respect to the two quotations of the delisting rule, Applicant Intervenors state that the delisting rule speaks for itself.

    83.    The allegations of paragraph 83 of the Complaint are denied.

    84.    The allegations of paragraph 84 of the Complaint are denied. Further answering, Applicant Intervenors state that the Minnesota and Wisconsin plan allow for more appropriate and lawful wolf control than was possible before adoption of the delisting rule.

    85.    The factual allegations of paragraph 85 of the Complaint are denied; except that it is admitted that state have more flexibility in managing wildlife within their boundaries after delisting of a species under the ESA than before delisting. Portions of paragraph 85 summarize judicial opinions which speak for themselves; any portions of those summaries that are inaccurate or incomplete are denied.

    86.    The allegations of paragraph 86 of the Complaint are denied. With respect to the fourth and fifth sentences of the paragraph, the denial is based on lack of sufficient information to determine truth or falsity.

87. The allegations of paragraph 87 of the Complaint are denied. With respect to the allegation regarding the portion of wolf deaths caused by mange, the denial is based on lack of sufficient information to determine truth or falsity.

88. The allegations of the first sentence of paragraph 88 of the Complaint are denied. The allegations of the second sentence are denied based on lack of sufficient information to determine their truth or falsity.

89. The allegations of paragraph 89 of the Complaint are denied. With respect to the portion of paragraph 89 that purports to summarize the FWS's wolf recovery plan, Applicant Intervenors state that the wolf recovery plan speaks for itself, and deny any portions of the summary that are inaccurate or incomplete.

90. The allegations of paragraph 90 of the Complaint are denied. The final sentence of paragraph 90 summarizes a portion of the ESA which speaks for itself; the Applicant Intervenors deny any portion of the summary that is incomplete or inaccurate.

91. The allegations of the first two sentences of paragraph 91 are denied. The allegations of the final sentence are admitted on information and belief.

92. In response to paragraph 92 of the Complaint, it is admitted that the FWS on February 8, 2007 issued a proposed rule regarding a Northern Rocky Mountain DPS, and that February 8, 2007 was the day the FWS issued its rule delisting the gray wolf in the Western Great Lakes DPS. All other allegations of paragraph 92 are denied. With respect to the allegations in the last sentence of the paragraph, the denial is based on lack of information to determine truth or falsity.

93. The allegations of the first sentence of paragraph 93 of the Complaint are denied. The Applicant Intervenors are without sufficient information to determine the truth or falsity of

the allegations of the second sentence of paragraph 93, and therefore deny them. The allegations of the third sentence are admitted on information and belief, although the allegations are incomplete in that they discount FWS action during the last six years to list new species.

94. The allegations of the first sentence of paragraph 94 of the Complaint are denied. The allegations in the second and third sentences that there was a down listing of the American crocodile from endangered to threatened status and a delisting of the grizzly bear in the Yellowstone region are admitted, but the allegation that grizzly bears are seriously threatened throughout their range is denied.

95. In response to the allegations of paragraph 95 of the Complaint, Applicant Intervenors deny the allegation that the delisting of the Western Great Lakes DPS of the gray wolf was unlawful. Applicant Intervenors lack sufficient information to determine the truth or falsity of the allegation that Plaintiffs sent 60 day Notice letters under the ESA to Federal Defendants, and therefore deny such allegation.

## **RESPONSE TO COUNTS SET FORTH IN COMPLAINT**

96. Paragraph 96 of the Complaint restates paragraphs 1 through 95 of the Complaint. Applicant Intervenors restate their responses above to these paragraphs.

97. Paragraph 97 of the Complaint states a legal conclusion to which no response is required. The referenced ESA provision speaks for itself. Applicant Intervenors deny any portion of the summary of that provision that is incomplete or inaccurate.

98-99. The allegations of paragraphs 98 and 99 of the Complaint are denied.

100. Paragraph 100 of the Complaint states a legal conclusion to which no response is required. It purports to summarize statutes, regulations, and agency decisions which speaks for

themselves. Applicant Intervenors deny any portion of the summary which is incomplete or inaccurate.

101. The allegations of paragraph 101 of the Complaint are denied.

102. Paragraph 102 of the Complaint states a legal conclusion to which no response is required. It purports to summarize the FWS DPS Policy, which speaks for itself. Applicant Intervenors deny any portion of the summary that is incomplete or inaccurate.

103. The allegations of paragraph 103 of the Complaint are denied, except that it is admitted that the FWS did designate the Western Great Lakes DPS and delist it.

104-105. The allegations of paragraphs 104 and 105 of the Complaint are denied.

106. Paragraph 106 of the Complaint states a legal conclusion to which no response is required and purports to summarize statutes and regulations which speak for themselves Applicant Intervenors deny any portion of the summaries that are incomplete or inaccurate.

107-110. The allegations of paragraph 107, 108, 109 and 110 of the Complaint are denied.

111. Applicant Intervenors deny that Plaintiffs are entitled to any of the relief requested in their Complaint.

112. Applicant Intervenors deny any allegations in the Complaint not specifically admitted above.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief may be granted.

2. The Complaint fails to establish Plaintiffs' standing to sue.

WHEREFORE, Applicant Intervenors respectfully request that this lawsuit be dismissed with prejudice, and that the Court award them such other and further relief as just and reasonable.

DATED:  April 20, 2007

        Respectfully submitted,

        U.S. Sportsmen's Alliance Foundation
        Wisconsin Bear Hunters Association
        Scott Meyer and
        Robert Stafsholt

        *By their attorneys*

        <u>/s/ William P. Horn</u>
        William P. Horn (D.C. Bar No. 375666)
        James H. Lister (D.C. Bar No. 447878)
        Birch, Horton, Bittner & Cherot
        1155 Connecticut Avenue, N.W., Suite 1200
        Washington, DC  20036
        Telephone: (202) 659-5800
        Facsimile: (202) 659-1027
        whorn@dc.bhb.com, jlister@dc.bhb.com

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 20th day of April, 2007, the foregoing document was mailed by first class mail to:

Rebecca G. Judd, Esq.
The Humane Society of the United States
2100 L Street, N.W.
Washington, D.C.  20037
Counsel for Plaintiffs

Brian B. O'Neill, Esq.
Sanne H. Knudsen, Esq.
Michael C. Soules, Esq.
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Counsel for Plaintiffs

Dirk Kempthorne, Secretary of the Interior[*]
Department of the Interior
1849 C Street, N.W.
Washington, D.C.  20240

United States Department of Interior[*]
1849 C Street N.W.
Washington, D.C.  20240

United States Fish and Wildlife Service[*]
1849 C Street, N.W.
Washington, D.C.  20240

                                                                /s/ James H. Lister
William P. Horn (D.C. Bar No. 375666)
James H. Lister (D.C. Bar No. 447878)
Birch, Horton, Bittner & Cherot
1155 Connecticut Avenue, N.W., Suite 1200
Washington, DC  20036

G:\101002\42\BAW1267.DOC

---

[*] No attorney has entered an appearance for the Federal Defendants to date.