## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE HUMANE SOCIETY OF THE )
    UNITED STATES, *et al* )
  )
        Plaintiffs, )
    v. )
  )     No.  1:07-cv-00677(PLF)
  )
DIRK KEMPTHORNE, )
    Secretary of the Interior, *et al.* )
  )
        Defendants )
  )
and )
  )
SAFARI CLUB INTERNATIONAL )
4800 West Gates Pass Road )
Tucson, Arizona 85745 )
  )
and )
  )
SAFARI CLUB INTERNATIONAL )
FOUNDATION )
4800 West Gates Pass Road )
Tucson, Arizona  85745 )
  )
and )
  )
NATIONAL RIFLE ASSOCIATION )
11250 Waples Mill Rd. )
Fairfax, VA 22030 )
                       )
  )
  )
    Defendant-Intervenor Applicants )

### SCI,  SCIF AND NRA'S PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

      Safari Club International ("SCI") Safari Club International Foundation ("SCIF") and the National Rifle Association ("NRA"), by and through counsel, answer, upon information and belief, the individually numbered paragraphs in Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint") as follows:

2

SCI, SCIF and NRA answer each paragraph of the Complaint without waiving but expressly reserving, all rights that they may have to seek relief by appropriate motions.

## <u>INTRODUCTION</u>

1.  To the extent that Paragraph 1 sets forth conclusions of law, no response is required.  To the extent a response is required, the statutory provisions referenced in Paragraph 1 speak for themselves and are the best evidence of their content.  To the extent that Paragraph 1 sets forth factual allegations, SCI, SCIF and NRA admit that the Humane Society of the United States ("HSUS"), Help Out Wolves Live ("HOWL") and Animal Protection Institute ("API") have filed suit to challenge gray wolf delisting in the Western Great Lakes.

2.  To the extent that Paragraph 2 sets forth conclusions of law, no response is required.  To the extent that a response is required, the statutory provisions referenced in Paragraph 2 speak for themselves and are the best evidence of their content.  To the extent that Paragraph 2 sets forth factual allegations, SCI, SCIF and NRA admit that the U.S. Fish and Wildlife Service ("FWS") placed the gray wolf on the endangered species list and that, due to the efforts of the FWS and the states included in the Western Great Lakes Distinct Population Segment as well as several other states in the United States, gray wolves in those states have recovered.  To the extent that any further response is required, SCI, SCIF and NRA lack sufficient knowledge or information to form a belief as to the truth or accuracy of the statements included in Paragraph 2, and SCI, SCIF and NRA consequently deny any further statements.

3.  To the extent that Paragraph 3 sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory, regulatory and policy provisions referred to in Paragraph 3 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 3 sets forth additional factual allegations, these allegations are denied.

4.  To the extent that Paragraph 4 sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory provisions and Federal Register notices referred to in Paragraph 4 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 4 sets forth additional factual allegations, these allegations are denied.

5.      To the extent that Paragraph 5 sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory provisions referred to in Paragraph 5 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 5 sets forth additional factual allegations, these allegations are denied.

6.      To the extent that Paragraph 6 sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory provisions, regulations and Federal Register notices and U.S. District Court for the Districts of Oregon and Vermont opinions referred to in Paragraph 6 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 6 sets forth additional factual allegations, these allegations are denied.

7.      To the extent that Paragraph 7 sets forth conclusions of law, no further response is required.  To the extent that a response is required, the regulatory provisions and Federal Register notices referred to in Paragraph 7 speak for themselves and are the best evidence of their own content.  SCI, SCIF and NRA admit that on February 8, 2007, the FWS issued a rule to remove the gray wolves of the Western Great Lakes Distinct Population Segment ("DPS") from the endangered species list and on that same date proposed a rule to delist gray wolves of the Northern Rocky Mountains.  To the extent that Paragraph 7 sets forth additional factual allegations, these allegations are denied.

8.      To the extent that Paragraph 8 sets forth conclusions of law, no further response is required.  To the extent that a response is required the regulatory provisions and Federal Register notices referred to in Paragraph 8 speak for themselves and are the best evidence of their own content.  SCI, SCIF and NRA admit that HSUS, HOWL and API filed this litigation on April 16, 2007.  SCI, SCIF and NRA lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 8 of Plaintiffs' Complaint.  To the extent that any response is required, the allegations are denied.

## JURISDICTION AND VENUE

9.      To the extent that Paragraph 9 sets forth conclusions of law, no further response is required. To the extent that a response is required, the regulatory provisions referred to in Paragraph 9 speak for themselves and are the best evidence of their own content. To the extent that any response is required, the allegations are denied.

10.     To the extent that Paragraph 10 sets forth conclusions of law, no further response is required. To the extent that a response is required, the regulatory provisions referred to in Paragraph 10 speak for themselves and are the best evidence of their own content. To the extent that any response is required, the allegations are denied.

## PARTIES

11.     SCI, SCIF and NRA lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 11 of Plaintiffs' Complaint.  To the extent that any response is required, the allegations are denied.

12.     SCI, SCIF and NRA lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 12 of Plaintiffs' Complaint.  To the extent that any response is required, the allegations are denied.

13.     SCI, SCIF and NRA lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13 of Plaintiffs' Complaint.  To the extent that any response is required, the allegations are denied.

14.     SCI, SCIF and NRA admit that the Defendants that Plaintiffs have sued are Secretary of the Interior Dirk Kempthorne of the United States Department of the Interior, and the United States Fish and Wildlife Service.  To the extent that Paragraph 14 sets forth conclusions of law, no further response is required.  To the extent that any further response is required, the allegations of Paragraph 14 are denied.

## LEGAL FRAMEWORK

### *The Endangered Species Act*

15.     To the extent that Paragraph 15 sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory provisions referred to in Paragraph 15 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 15 sets forth additional factual allegations, these allegations are denied.

16.     To the extent that Paragraph 16 sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory provisions referred to in Paragraph 16 speak for themselves and are the best evidence of their own content.  To the extent that

Paragraph 16 sets forth additional factual allegations, these allegations are denied.

17.    To the extent that Paragraph 17 sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory provisions referred to in Paragraph 17 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 17 sets forth additional factual allegations, these allegations are denied.

18.    To the extent that Paragraph 18 sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory provisions and judicial opinions referred to in Paragraph 18 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 18 sets forth additional factual allegations, these allegations are denied.

19.    To the extent that Paragraph 19 sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory and regulatory provisions referred to in Paragraph 19 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 19 sets forth additional factual allegations, these allegations are denied.

20.    To the extent that Paragraph 20 sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory provisions referred to in Paragraph 20 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 20 sets forth additional factual allegations, these allegations are denied.

21.    To the extent that Paragraph 21 sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory and regulatory provisions referred to in Paragraph 21 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 21 sets forth additional factual allegations, these allegations are denied.

22.    To the extent that Paragraph 22 sets forth conclusions of law, no further response is required.  To the extent that a response is required, the regulatory provisions referred to in Paragraph 22 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 22 sets forth additional factual allegations, these allegations are denied.

23.    To the extent that Paragraph 23 sets forth conclusions of law, no further response is required. To the extent that a response is required, the regulatory provisions and Federal Register notices referred to in Paragraph 23 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 23 sets forth additional factual allegations, these allegations are denied.

24.    To the extent that Paragraph 24 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions referred to in Paragraph 24 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 24 sets forth additional factual allegations, these allegations are denied.

25.    To the extent that Paragraph 25 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions referred to in Paragraph 25 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 25 sets forth additional factual allegations, these allegations are denied.

26.    To the extent that Paragraph 26 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory and regulatory provisions referred to in Paragraph 26 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 26 sets forth additional factual allegations, these allegations are denied.

27.    To the extent that Paragraph 27 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions referred to in Paragraph 27 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 27 sets forth additional factual allegations, these allegations are denied.

### *The Distinct Population Segment Policy*

28.    To the extent that Paragraph 28 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions referred to in Paragraph 28 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 28 sets forth additional factual allegations, these allegations are denied.

29.    To the extent that Paragraph 29 sets forth conclusions of law, no further response is required. To the extent that a response is required, the

statutory and regulatory provisions and Federal Register notices referred to in Paragraph 29 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 29 sets forth additional factual allegations, these allegations are denied.

30.     To the extent that Paragraph 30 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions and Federal Register notices referred to in Paragraph 30 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 30 sets forth additional factual allegations, these allegations are denied.

31.     To the extent that Paragraph 31 sets forth conclusions of law, no further response is required. To the extent that a response is required, the policy provisions referred to in Paragraph 31 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 31 sets forth additional factual allegations, these allegations are denied.

32.     To the extent that Paragraph 32 sets forth conclusions of law, no further response is required. To the extent that a response is required, the policy provisions referred to in Paragraph 32 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 32 sets forth additional factual allegations, these allegations are denied.

33.     To the extent that Paragraph 33 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory and policy provisions referred to in Paragraph 33 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 33 sets forth additional factual allegations, these allegations are denied.

34.     To the extent that Paragraph 34 sets forth conclusions of law, no further response is required. To the extent that a response is required, the policy provisions referred to in Paragraph 34 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 34 sets forth additional factual allegations, these allegations are denied.

35.     To the extent that Paragraph 35 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory and policy provisions referred to in Paragraph 35 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 35 sets forth additional factual allegations, these allegations are denied.

*The Administrative Procedures Act*

36.    To the extent that Paragraph 36 sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory provisions referred to in Paragraph 36 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 36 sets forth additional factual allegations, these allegations are denied.

37.    To the extent that Paragraph 37 sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory provisions referred to in Paragraph 37 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 37 sets forth additional factual allegations, these allegations are denied.

## FACTUAL BACKGROUND

*The  Gray Wolf*

38.    SCI, SCIF and NRA, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the statements contained in Paragraph 38 of Plaintiffs' Complaint.  To the extent that any additional response is required, the allegations of Paragraph 38 are denied.

39.    SCI, SCIF and NRA admit that wolves prey primarily on wild ungulates (hoofed animals) such as deer, elk, moose, caribou and bison and that they also eat smaller prey such as snowshoe hare, beaver and rabbits, and that they, more than occasionally prey on livestock, as well as pets, including hunting dogs.  SCI, SCIF and NRA, at this time, lack sufficient knowledge or information to determine the truth and/or accuracy of the remaining statements contained in Paragraph 39 of Plaintiffs' Complaint.  To the extent that any additional response is required, the allegations of Paragraph 39 are denied.

40.    SCI, SCIF and NRA admit that wolves are habitat generalists.  SCI, SCIF and NRA, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the statements contained in Paragraph 40 of Plaintiffs' Complaint.  To the extent that any additional response is required, the allegations of Paragraph 40 are denied.

41.     SCI, SCIF and NRA, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the statements contained in Paragraph 41 of Plaintiffs' Complaint. To the extent that any additional response is required, the allegations of Paragraph 41 are denied.

42.     SCI, SCIF and NRA, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the statements contained in Paragraph 42 of Plaintiffs' Complaint. To the extent that any additional response is required, the allegations of Paragraph 42 are denied.

### The Significance of the Gray Wolf

43.     To the extent that Paragraph 43 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions and Congressional reports referred to in Paragraph 43 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 43 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements. To the extent that any additional response is required, the allegations of Paragraph 43 are denied.

44.     SCI, SCIF and NRA, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the statements contained in Paragraph 44 of Plaintiffs' Complaint. To the extent that any additional response is required, the allegations of Paragraph 44 are denied.

45.     SCI, SCIF and NRA, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the statements contained in Paragraph 45 of Plaintiffs' Complaint. To the extent that any additional response is required, the allegations of Paragraph 45 are denied.

46.     SCI, SCIF and NRA, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the statements contained in Paragraph 46 of Plaintiffs' Complaint. To the extent that any additional response is required, the allegations of Paragraph 46 are denied.

47.     SCI, SCIF and NRA, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the statements contained in Paragraph 47 of Plaintiffs' Complaint. To the extent that

any additional response is required, the allegations of Paragraph 47 are denied.

48.     SCI, SCIF and NRA, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the statements contained in Paragraph 48 of Plaintiffs' Complaint.  To the extent that any additional response is required, the allegations of Paragraph 48 are denied.

49.     SCI, SCIF and NRA, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the statements contained in Paragraph 49 of Plaintiffs' Complaint.  To the extent that any additional response is required, the allegations of Paragraph 49 are denied.

50.     SCI, SCIF and NRA, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the statements contained in Paragraph 50 of Plaintiffs' Complaint.  To the extent that any additional response is required, the allegations of Paragraph 50 are denied.

51.     SCI, SCIF and NRA, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the statements contained in Paragraph 51 of Plaintiffs' Complaint.  To the extent that any additional response is required, the allegations of Paragraph 51 are denied.

52.     SCI, SCIF and NRA, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the statements contained in Paragraph 52 of Plaintiffs' Complaint.  To the extent that any additional response is required, the allegations of Paragraph 52 are denied.

53.     SCI, SCIF and NRA, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the statements contained in Paragraph 53 of Plaintiffs' Complaint.  To the extent that any additional response is required, the allegations of Paragraph 53 are denied.

### *The Wolf's Recovery Begins*

54.     To the extent that Paragraph 54 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory provisions and Federal Register notices referred to in Paragraph 54 speak for themselves and are the

best evidence of their own content.  To the extent that Paragraph 54 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements.  To the extent that any additional response is required, the allegations of Paragraph 54 are denied.

55.     To the extent that Paragraph 55 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory provisions and Federal Register notices referred to in Paragraph 55 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 55 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements.  To the extent that any additional response is required, the allegations of Paragraph 55 are denied.

56.     To the extent that Paragraph 56 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required.  To the extent that Paragraph 56 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements.  To the extent that any additional response is required, the allegations of Paragraph 56 are denied.

57.     To the extent that Paragraph 57 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions referred to in Paragraph 57 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 57 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements.  To the extent that any additional response is required, the allegations of Paragraph 57 are denied.

58.     SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of the factual averments contained in Paragraph 58 of Plaintiffs' Complaint.  To the extent that any additional response is required, the allegations of Paragraph 58 are denied.

59.     SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of the factual averments contained in Paragraph 59 of Plaintiffs' Complaint.  To the extent that any additional response is required, the allegations of Paragraph 59 are denied.

60.     SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of the factual averments contained in Paragraph 60 of Plaintiffs' Complaint. To the extent that any additional response is required, the allegations of Paragraph 60 are denied.

61.     To the extent that Paragraph 61of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory and regulatory provisions and judicial opinions referred to in Paragraph 61 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 61 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements.  To the extent that any additional response is required, the allegations of Paragraph 61 are denied.

### The FWS's Delisting Efforts

62.     SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of the factual averments contained in Paragraph 62 of Plaintiffs' Complaint. To the extent that any additional response is required, the allegations of Paragraph 62 are denied.

63.     SCI, SCIF and NRA admit that the FWS published a proposed rule in 2000 pertaining to the reclassification of gray wolves.  To the extent that Paragraph 63 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the regulatory provisions and Federal Register notices referred to in Paragraph 63 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 63 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements.  To the extent that any additional response is required, the allegations of Paragraph 63 are denied.

64.     SCI, SCIF and NRA admit that, in 2003, the FWS issued a final rule to reclassify two Distinct Population Segments of gray wolves.  To the extent that Paragraph 64 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the regulatory provisions and Federal Register notices referred to in Paragraph 64 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 64 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth

and/or accuracy of these statements.  To the extent that any additional response is required, the allegations of Paragraph 64 are denied.

65.     SCI, SCIF and NRA admit that the FWS issued an Advanced Notice of Proposed Rule Making on April 1, 2003.  To the extent that Paragraph 65 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the Federal Register notice referred to in Paragraph 65 speaks for itself and is the best evidence of its own content.  To the extent that Paragraph 65 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements.  To the extent that any additional response is required, the allegations of Paragraph 65 are denied.

66.     SCI, SCIF and NRA admit that several animal rights groups filed suit in federal district court in the district of Oregon to challenge the FWS's rule to reclassify wolves from "endangered" to "threatened" status and that a separate coalition of animal rights groups filed a similar suit in U.S. District Court for the District of Vermont.  To the extent that Paragraph 66 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the judicial opinions referred to in Paragraph 66 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 66 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements.  To the extent that any additional response is required, the allegations of Paragraph 66 are denied.

67.     To the extent that Paragraph 67 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the judicial opinions referred to in Paragraph 67 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 67 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements.  To the extent that any additional response is required, the allegations of Paragraph 67 are denied.

68.     To the extent that Paragraph 68 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the judicial opinions referred to in Paragraph 68 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 68 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements.  To

the extent that any additional response is required, the allegations of Paragraph 68 are denied.

69.     SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of the allegations contained within Paragraph 69 of Plaintiffs' Complaint. To the extent that any additional response is required, the allegations of Paragraph 69 are denied.

70.     SCI, SCIF and NRA believe that Paragraph 70 of Plaintiffs' Complaint refers to and paraphrases the contents of the FWS's final rule to delist the wolves of the Western Great Lakes DPS. And the proposed rule to delist the wolves of the Northern Rockies population. If so, the Federal Register notices to which Plaintiffs' refer speak for themselves and are the best evidence of their own content. If SCI, SCIF and NRA's belief is incorrect, then SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of the allegations contained within Paragraph 70 of Plaintiffs' Complaint. To the extent that any additional response is required, the allegations of Paragraph 70 are denied.

71.     To the extent that Paragraph 71 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the regulatory provisions and Federal Register notice referred to in Paragraph 71 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 71 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements. To the extent that any additional response is required, the allegations of Paragraph 71 are denied.

72.     To the extent that Paragraph 72 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the regulatory provisions and Federal Register notice referred to in Paragraph 72 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 72 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements. To the extent that any additional response is required, the allegations of Paragraph 72 are denied.

### *The Great Lakes Delisting Rule*

73.     To the extent that Paragraph 73 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a

15

response is required, the regulatory provisions and Federal Register notice referred to in Paragraph 73 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 73 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements. To the extent that any additional response is required, the allegations of Paragraph 73 are denied.

74. To the extent that Paragraph 74 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory and regulatory provisions and Federal Register notice referred to in Paragraph 74 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 74 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements. To the extent that any additional response is required, the allegations of Paragraph 74 are denied.

75. To the extent that Paragraph 75 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory, regulatory and policy provisions and Federal Register notice referred to in Paragraph 75 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 75 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements. To the extent that any additional response is required, the allegations of Paragraph 75 are denied.

76. To the extent that Paragraph 76 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory, regulatory and policy provisions and Federal Register notice referred to in Paragraph 76 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 76 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements. To the extent that any additional response is required, the allegations of Paragraph 76 are denied.

77. To the extent that Paragraph 77 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory, regulatory and policy provisions and Federal Register notice referred to in Paragraph 77 speak for themselves and are the best evidence of their own content. To the

extent that Paragraph 77 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements. To the extent that any additional response is required, the allegations of Paragraph 77 are denied.

78.     To the extent that Paragraph 78 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory, regulatory and policy provisions, Federal Register notice, and state wolf management plans referred to in Paragraph 78 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 78 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements. To the extent that any additional response is required, the allegations of Paragraph 78 are denied.

79.     To the extent that Paragraph 79 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory, regulatory and policy provisions, Federal Register notice and state management plans referred to in Paragraph 79 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 79 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements. To the extent that any additional response is required, the allegations of Paragraph 79 are denied.

80.     To the extent that Paragraph 80 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory, regulatory and policy provisions, Federal Register notice and state management plans referred to in Paragraph 80 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 80 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements. To the extent that any additional response is required, the allegations of Paragraph 80 are denied.

81.     SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 81 of Plaintiffs' complaint. To the extent that any additional response is required, the allegations of Paragraph 81 are denied.

82.    To the extent that Paragraph 82 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory, regulatory and policy provisions, Federal Register notice and state management plans referred to in Paragraph 82 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 82 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements.  To the extent that any additional response is required, the allegations of Paragraph 82 are denied.

83.    To the extent that Paragraph 83 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory, regulatory and policy provisions, Federal Register notice and state management plans referred to in Paragraph 83 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 83 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements.  To the extent that any additional response is required, the allegations of Paragraph 83 are denied.

84.    To the extent that Paragraph 84 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory, regulatory and policy provisions, Federal Register notice and state management plans referred to in Paragraph 84 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 84 makes factual statements, especially, but not limited to the unidentified "local news source," SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements.  To the extent that any additional response is required, the allegations of Paragraph 84 are denied.

85.    To the extent that Paragraph 85 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions and judicial opinions referred to in Paragraph 85 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 85 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements.  To the extent that any additional response is required, the allegations of Paragraph 85 are denied.

86.    To the extent that Paragraph 86 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that

Paragraph 86 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements. To the extent that any additional response is required, the allegations of Paragraph 86 are denied.

87.     To the extent that Paragraph 87 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that Paragraph 87 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements. To the extent that any additional response is required, the allegations of Paragraph 87 are denied.

### The Eastern Timber Wolf Recovery Plan

88.     To the extent that Paragraph 88 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the recovery plans referred to in Paragraph 88 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 88 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements. To the extent that any additional response is required, the allegations of Paragraph 88 are denied.

89.     To the extent that Paragraph 89 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions and recovery plans referred to in Paragraph 89 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 89 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements. To the extent that any additional response is required, the allegations of Paragraph 89 are denied.

90.     To the extent that Paragraph 90 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions and recovery plans referred to in Paragraph 90 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 90 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements. To the extent that any additional response is required, the allegations of Paragraph  90 are denied.

19

91.     To the extent that Paragraph 91 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions and recovery plans referred to in Paragraph 91 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 91 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements.  To the extent that any additional response is required, the allegations of Paragraph 91 are denied.

92.     SCI, SCIF and NRA admit that the FWS published a proposed rule on February 8, 2007 to delist wolves in the Northern Rocky Mountain population.  To the extent that Paragraph 92 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the Federal Register notice referred to in Paragraph 92 speaks for itself and is the best evidence of its own content.  To the extent that Paragraph 92 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements.  To the extent that any additional response is required, the allegations of Paragraph 92 are denied.

93.     To the extent that Paragraph 93 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions referred to in Paragraph 93 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 93 makes factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements.  To the extent that any additional response is required, the allegations of Paragraph 93 are denied.

94.     SCI, SCIF and NRA admit that the FWS issued Federal Register notices concerning the listing status of American crocodile and grizzly bears in the greater Yellowstone area.  To the extent that Paragraph 94 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory and regulatory provisions and Federal Register notices referred to in Paragraph 94 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 94 makes additional factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements.  To the extent that any additional response is required, the allegations of Paragraph 94 are denied.

95.     SCI, SCIF and NRA admit that Plaintiffs sent a 60-day notice letter to the FWS advising of their intent to file suit. To the extent that Paragraph 95 of Plaintiffs' Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions referred to in Paragraph 95 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 95 makes additional factual statements, SCI, SCIF and NRA are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements. To the extent that any additional response is required, the allegations of Paragraph 95 are denied.

## COUNT I

96.     SCI incorporates, by reference, its forgoing responses to Paragraphs 1-95 of Plaintiffs' Complaint.

97.     Paragraph 97 of Plaintiffs' Complaint constitutes a conclusion of law to which no further response is required. To the extent that Paragraph 97 refers to statutory provisions, these provisions speak for themselves and are the best evidence of their own content. To the extent that any further response is required, the allegations of Paragraph 97 are denied.

98.     Paragraph 98 of Plaintiffs' Complaint constitutes a conclusion of law to which no further response is required. To the extent that any further response is required, the allegations of Paragraph 98 are denied.

99.     Paragraph 99 of Plaintiffs' Complaint constitutes a conclusion of law to which no further response is required. To the extent that any further response is required, the allegations of Paragraph 99 are denied.

100.    Paragraph 100 of Plaintiffs' Complaint constitutes a conclusion of law to which no further response is required. To the extent that Paragraph 100 refers to statutory and regulatory provisions and Federal Register notices, these documents speak for themselves and are the best evidence of their own content. To the extent that any further response is required, the allegations of Paragraph 100 are denied.

101.    Paragraph 101 of Plaintiffs' Complaint constitutes a conclusion of law to which no further response is required. To the extent that Paragraph 101 refers to statutory provisions, these provisions speak for themselves and are the best evidence of their own content. To the extent that any further response is required, the allegations of Paragraph 101 are denied.

102.     Paragraph 102 of Plaintiffs' Complaint constitutes a conclusion of law to which no further response is required.  To the extent that Paragraph 102 refers to statutory and policy provisions and Federal Register notices, these documents speak for themselves and are the best evidence of their own content.  To the extent that any further response is required, the allegations of Paragraph 102 are denied.

103.     Paragraph 103 of Plaintiffs' Complaint constitutes a conclusion of law to which no further response is required.  To the extent that Paragraph 103 refers to statutory, regulatory and policy provisions and Federal Register notices, these documents speak for themselves and are the best evidence of their own content.  To the extent that any further response is required, the allegations of Paragraph 103 are denied.

104.     Paragraph 104 of Plaintiffs' Complaint constitutes a conclusion of law to which no further response is required.  To the extent that Paragraph 104 refers to statutory, regulatory and policy provisions and Federal Register notices, these documents speak for themselves and are the best evidence of their own content.  To the extent that any further response is required, the allegations of Paragraph 104 are denied.

105.     Paragraph 105 of Plaintiffs' Complaint constitutes a conclusion of law to which no further response is required.  To the extent that Paragraph 105 refers to statutory, regulatory and policy provisions and Federal Register notices, these documents speak for themselves and are the best evidence of their own content.  To the extent that any further response is required, the allegations of Paragraph 105 are denied.

106.     Paragraph 106 of Plaintiffs' Complaint constitutes a conclusion of law to which no further response is required.  To the extent that Paragraph 106 refers to statutory and regulatory provisions, these provisions speak for themselves and are the best evidence of their own content.  To the extent that any further response is required, the allegations of Paragraph 106 are denied.

107.     Paragraph 107 of Plaintiffs' Complaint constitutes a conclusion of law to which no further response is required.  To the extent that Paragraph 107 refers to statutory and regulatory provisions and Federal Register notices, these documents speak for themselves and are the best evidence of their own content.  To the extent that any further response is required, the allegations of Paragraph 107 are denied.

108.     Paragraph 108 of Plaintiffs' Complaint constitutes a conclusion of law to which no further response is required.  To the extent that Paragraph 108 refers to statutory and regulatory provisions, these provisions speak for themselves and are the best evidence of their own content.

To the extent that any further response is required, the allegations of Paragraph 108 are denied.

109.   Paragraph 109 of Plaintiffs' Complaint constitutes a conclusion of law to which no further response is required. To the extent that Paragraph 109 refers to statutory and regulatory provisions and Federal Register notices, these documents speak for themselves and are the best evidence of their own content. To the extent that any further response is required, the allegations of Paragraph 109 are denied.

110.   Paragraph 110 of Plaintiffs' Complaint constitutes a conclusion of law to which no further response is required. To the extent that Paragraph 110 refers to statutory and regulatory provisions and Federal Register notices, these documents speak for themselves and are the best evidence of their own content. To the extent that any further response is required, the allegations of Paragraph 110 are denied.

## RELIEF REQUESTED

The final paragraphs of Plaintiffs' Complaint consist of a prayer for relief to which no further response is required. To the extent that any response is required, SCI, SCIF and NRA deny the prayer for relief.

Any allegations not expressly admitted or responded to are hereby denied.

## AFFIRMATIVE DEFENSES

1.  This Court lacks subject matter jurisdiction over this matter.

2.  Plaintiffs have asserted claims that are not ripe and/or do not create a justiciable case or controversy.

3.  The allegations in the Complaint fail to state a claim upon which relief may be granted.

4.  Plaintiffs lack standing to assert the claims set forth in the Complaint.

5.  Venue is improper or more appropriate in another district.

6.  Defendant-Intervenors reserve the right to name additional affirmative defenses as they may be discovered after filing of this Answer and before trial.

WHEREFORE, SCI, SCIF and NRA respectfully request that this Court grant judgment in favor of Defendants and Defendant-Intervenors, that the Complaint be dismissed with prejudice, that Defendants and Defendant-Intervenors be awarded costs and attorneys fees incurred in defense of this action, and that the Court grant all other relief to Defendants and Defendant-Intervenors deemed just and proper.

Respectfully Submitted;

_____

Anna M. Seidman
(D.C. Bar No. 417091)
Safari Club International
501 2nd Street NE
Washington, D.C.  20002
(202) 543-8733
Fax:  (202) 543-1205
aseidman@sci-dc.org
Douglas S. Burdin
( D.C. Bar No. 434107)
501 2nd Street NE
Washington, D.C.  20002
(202) 543-8733
Fax:  (202) 543-1205
dburdin@sci-dc.org
Counsel for
Safari Club International,
Safari Club International Foundation
and the National Rifle Association