## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES, *et al.*, | |
| Plaintiffs, | Civil Action No. 1:07-cv-00677(PLF) |
| v. | |
| DIRK KEMPTHORNE, Secretary of the Interior, *et al.*, | |
| Defendants, | |
| and | |
| U.S. SPORTSMENS' ALLIANCE FOUNDATION, | |
| and | |
| SAFARI CLUB INTERNATIONAL, | |
| and | |
| SAFARI CLUB INTERNATIONAL FOUNDATION, | |
| and | |
| NATIONAL RIFLE ASSOCIATION, | |
| and | |
| WISCONSIN BEAR HUNTERS' ASSOCIATION, | |
| and | |
| SCOTT MEYER, | |
| and | |

ROBERT STAFSHOLT,

                    Defendant-Intervenors.

### DEFENDANT-INTERVENORS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

U.S. Sportsmens' Alliance Foundation, Safari Club International ("SCI"), Safari Club International Foundation ("SCIF"), the National Rifle Association ("NRA"), the Wisconsin Bear Hunters' Association, Scott Meyer, and Robert Stafsholt (collectively, "Sportsmen Defendant-Intervenors") by and through their counsel, answer, upon information and belief, the individually numbered paragraphs in Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief ("Amended Complaint") as follows:

Sportsmen Defendant-Intervenors answer each paragraph of the Amended Complaint without waiving but expressly reserving, all rights that they may have to seek relief by appropriate motions.  For convenience, the Defendants named in the Amended Complaint, Secretary of the Interior Dirk Kempthorne, the U.S. Department of the Interior, and the U.S. Fish and Wildlife Service, are collectively referred to in this Answer as the "Federal Defendants."

### INTRODUCTION

1.    To the extent that Paragraph 1 of Plaintiffs' Amended Complaint sets forth conclusions of law, no response is required.  To the extent a response is required, the statutory provisions referenced in Paragraph 1 speak for themselves and are the best evidence of their content.  To the extent that Paragraph 1 sets forth factual allegations,

Sportsmen Defendant-Intervenors admit that the Humane Society of the United States ("HSUS"), Help Out Wolves Live ("HOWL"),  Animal Protection Institute ("API") and Friends of Animals and Their Environment ("FATE") have filed suit seeking declaratory and injunctive relief challenging a decision by the Federal Defendants to remove the Western Great Lakes Distinct Population Segment ("WGL DPS") of the gray wolf from the list of threatened or endangered species.  Any other allegations of Paragraph 1 are denied.

2.     To the extent that Paragraph 2 of Plaintiffs' Amended Complaint sets forth conclusions of law, no response is required.  To the extent that a response is required, the statutory provisions referenced in Paragraph 2 speak for themselves and are the best evidence of their content.  To the extent that Paragraph 2 sets forth factual allegations, Sportsmen Defendant-Intervenors admit that the U.S. Fish and Wildlife Service ("FWS") placed the gray wolf on the list of endangered or threatened species and that, due to the efforts of the FWS and the states included in the Western Great Lakes Distinct Population Segment as well as several other states in the United States, gray wolves in those states have recovered.   To the extent that any further response is required, Sportsmen Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth or accuracy of the statements included in Paragraph 2, and Sportsmen Defendant-Intervenors consequently deny any further statements.[1]

---

[1]     Whenever this Amended Answer explains that Sportsmen Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of an allegation, the allegation is denied pursuant to Fed.R.Civ.P. 8(b).

3.      To the extent that Paragraph 3 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory, regulatory and policy provisions referred to in Paragraph 3 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 3 sets forth additional factual allegations, these allegations are denied.

4.      To the extent that Paragraph 4 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory provisions and Federal Register notices referred to in Paragraph 4 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 4 sets forth additional factual allegations, these allegations are denied.

5.      Sportsmen Defendant-Intervenors deny the allegations of Paragraph 5 of Plaintiffs' Amended Complaint.  In addition, Paragraph 5 includes conclusions of law to which no further response is required and statutory provisions, which speak for themselves and are the best evidence of their own content.

6.      To the extent that Paragraph 6 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the Federal Register notices and U.S. District Court for the Districts of Oregon and Vermont opinions referred to in Paragraph 6 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 6 sets forth additional factual allegations, these allegations are denied.

7.      To the extent that Paragraph 7 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is

required, the regulatory provisions and Federal Register notices referred to in Paragraph 7 speak for themselves and are the best evidence of their own content. Sportsmen Defendant-Intervenors admit that on February 8, 2007, the FWS issued a rule to remove the gray wolves of the WGL DPS from the endangered species list and on that same date proposed a rule to delist gray wolves of the Northern Rocky Mountains. The statements of the third sentence of Paragraph 7 are denied based on lack of sufficient information to form a belief as to their truth or accuracy. The fourth sentence of Paragraph 7 is denied. To the extent that Paragraph 7 sets forth additional factual allegations, these allegations are denied.

8. To the extent that Paragraph 8 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required the regulatory provisions and Federal Register notices referred to in Paragraph 8 speak for themselves and are the best evidence of their own content. Sportsmen Defendant-Intervenors admit that HSUS, HOWL API and FATE filed this litigation on April 16, 2007 seeking an injunction and order vacating the Western Great Lakes DPS delisting rule, but deny that such delisting rule violates any law and deny that the Federal Defendants violated any law. Sportsmen Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 8 of Plaintiffs' Amended Complaint. To the extent that any response is required, the allegations are denied.

## JURISDICTION AND VENUE

9.     To the extent that Paragraph 9 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the regulatory provisions referred to in Paragraph 9 speak for themselves and are the best evidence of their own content.  To the extent that any response is required, the allegations are denied.

10.     To the extent that Paragraph 10 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the regulatory provisions referred to in Paragraph 10 speak for themselves and are the best evidence of their own content.  To the extent that any response is required, the allegations are denied.

## PARTIES

11.     Sportsmen Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 11 of Plaintiffs' Amended Complaint.  To the extent that any response is required, the allegations are denied.

12.     Sportsmen Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 12 of Plaintiffs' Amended Complaint.  To the extent that any response is required, the allegations are denied.

13.     Sportsmen Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13 of Plaintiffs' Amended Complaint.  To the extent that any response is required, the allegations are denied.

14.    Sportsmen Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 14 of Plaintiffs' Amended Complaint. To the extent that any response is required, the allegations are denied.

15.    Sportsmen Defendant-Intervenors admit that the Federal Defendants that Plaintiffs have sued are Secretary of the Interior Dirk Kempthorne of the United States Department of the Interior, and the United States Fish and Wildlife Service. To the extent that Paragraph 15 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required. To the extent that any further response is required, the allegations of Paragraph 15 are denied.

## LEGAL FRAMEWORK

### *The Endangered Species Act*

16.    To the extent that Paragraph 16 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions referred to in Paragraph 16 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 16 sets forth additional factual allegations, these allegations are denied.

17.    To the extent that Paragraph 17 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions referred to in Paragraph 17 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 17 sets forth additional factual allegations, these allegations are denied.

18.     To the extent that Paragraph 18 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory provisions referred to in Paragraph 18 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 18 sets forth additional factual allegations, these allegations are denied.

19.     To the extent that Paragraph 19 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory provisions and judicial opinions referred to in Paragraph 19 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 19 sets forth additional factual allegations, these allegations are denied.

20.     To the extent that Paragraph 20 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory and regulatory provisions referred to in Paragraph 20 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 20 sets forth additional factual allegations, these allegations are denied.

21.     To the extent that Paragraph 21 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory provisions referred to in Paragraph 21 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 21 sets forth additional factual allegations, these allegations are denied.

22.     To the extent that Paragraph 22 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is

required, the statutory and regulatory provisions referred to in Paragraph 22 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 22 sets forth additional factual allegations, these allegations are denied.

23.    To the extent that Paragraph 23 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the regulatory provisions referred to in Paragraph 23 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 23 sets forth additional factual allegations, these allegations are denied.

24.    To the extent that Paragraph 24 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the regulatory provisions and Federal Register notices referred to in Paragraph 24 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 24 sets forth additional factual allegations, these allegations are denied.

25.    To the extent that Paragraph 25 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory provisions referred to in Paragraph 25 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 25 sets forth additional factual allegations, these allegations are denied.

26.    To the extent that Paragraph 26 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory provisions referred to in Paragraph 26 speak for themselves and

are the best evidence of their own content.  To the extent that Paragraph 26 sets forth additional factual allegations, these allegations are denied.

27.    To the extent that Paragraph 27 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory and regulatory provisions referred to in Paragraph 27 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 27 sets forth additional factual allegations, these allegations are denied.

28.    To the extent that Paragraph 28 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory provisions referred to in Paragraph 28 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 28 sets forth additional factual allegations, these allegations are denied.

### The Distinct Population Segment Policy

29.    To the extent that Paragraph 29 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory provisions referred to in Paragraph 29 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 29 sets forth additional factual allegations, these allegations are denied.

30.    To the extent that Paragraph 30 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory and regulatory provisions and Federal Register notices referred to in Paragraph 30 speak for themselves and are the best evidence of their own content.  To

the extent that Paragraph 30 sets forth additional factual allegations, these allegations are denied.

31.    To the extent that Paragraph 31 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory provisions and Federal Register notices referred to in Paragraph 31 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 31 sets forth additional factual allegations, these allegations are denied.

32.    To the extent that Paragraph 32 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the policy provisions referred to in Paragraph 32 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 32 sets forth additional factual allegations, these allegations are denied.

33.    To the extent that Paragraph 33 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the policy provisions referred to in Paragraph 33 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 33 sets forth additional factual allegations, these allegations are denied.

34.    To the extent that Paragraph 34 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory and policy provisions referred to in Paragraph 34 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 34 sets forth additional factual allegations, these allegations are denied.

35.     To the extent that Paragraph 35 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the policy provisions referred to in Paragraph 35 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 35 sets forth additional factual allegations, these allegations are denied.

36.     To the extent that Paragraph 36 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory and policy provisions referred to in Paragraph 36 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 36 sets forth additional factual allegations, these allegations are denied.

## The Administrative Procedure Act

37.     To the extent that Paragraph 37 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory provisions referred to in Paragraph 37 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 37 sets forth additional factual allegations, these allegations are denied.

38.     To the extent that Paragraph 38 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory provisions referred to in Paragraph 38 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 38 sets forth additional factual allegations, these allegations are denied.

## FACTUAL BACKGROUND

### *The Gray Wolf*

39.     Sportsmen Defendant-Intervenors, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the statements contained in Paragraph 39 of Plaintiffs' Amended Complaint.   To the extent that any additional response is required, the allegations of Paragraph 39 are denied.

40.     Sportsmen Defendant-Intervenors admit that wolves prey primarily on wild ungulates (hoofed animals) such as deer, elk, moose, caribou and bison and that they also eat smaller prey such as snowshoe hare, beaver and rabbits, and that they, more than occasionally prey on livestock, as well as pets, including hunting dogs.   Sportsmen Defendant-Intervenors, at this time, lack sufficient knowledge or information to determine the truth and/or accuracy of the remaining statements contained in Paragraph 40 of Plaintiffs' Amended Complaint, including the statement regarding the circumstances in which wolves prey on livestock.   To the extent that any additional response is required, the allegations of Paragraph 40 are denied.

41.     Sportsmen Defendant-Intervenors admit that wolves are habitat generalists to the extent they can adapt to many different habitats, but deny the inference that they can live in any habitat, regardless of the level of development, with a large population of large ungulates.   Sportsmen Defendant-Intervenors, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the remaining statements contained in Paragraph 41 of Plaintiffs' Amended Complaint.   To the extent

that any additional response is required, the remaining allegations of Paragraph 41 are denied.

42.    Sportsmen Defendant-Intervenors, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the statements contained in Paragraph 42 of Plaintiffs' Amended Complaint.    To the extent that any additional response is required, the allegations of Paragraph 42 are denied.

43.    Sportsmen Defendant-Intervenors, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the statements contained in Paragraph 43 of Plaintiffs' Amended Complaint.    To the extent that any additional response is required, the allegations of Paragraph 43 are denied.

### The Significance of the Gray Wolf

44.    To the extent that Paragraph 44 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.    To the extent that a response is required, the statutory provisions and Congressional reports referred to in Paragraph 44 speak for themselves and are the best evidence of their own content.    To the extent that Paragraph 44 makes factual statements, Sportsmen Defendant-Intervenors are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements.    To the extent that any additional response is required, the allegations of Paragraph 44 are denied.

45.    Sportsmen Defendant-Intervenors, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the statements contained in

Paragraph 45 of Plaintiffs' Amended Complaint. To the extent that any additional response is required, the allegations of Paragraph 45 are denied.

46.    Sportsmen Defendant-Intervenors, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the statements contained in Paragraph 46 of Plaintiffs' Amended Complaint. To the extent that any additional response is required, the allegations of Paragraph 46 are denied.

47.    Sportsmen Defendant-Intervenors, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the statements contained in Paragraph 47 of Plaintiffs' Amended Complaint. To the extent that any additional response is required, the allegations of Paragraph 47 are denied.

48.    Sportsmen Defendant-Intervenors, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the statements contained in Paragraph 48 of Plaintiffs' Amended Complaint. To the extent that any additional response is required, the allegations of Paragraph 48 are denied.

49.    Sportsmen Defendant-Intervenors, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the statements contained in Paragraph 49 of Plaintiffs' Amended Complaint. To the extent that any additional response is required, the allegations of Paragraph 49 are denied.

50.    Sportsmen Defendant-Intervenors, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the statements contained in Paragraph 50 of Plaintiffs' Amended Complaint. To the extent that any additional response is required, the allegations of Paragraph 50 are denied.

51.    Sportsmen Defendant-Intervenors, admit on information and belief that the gray wolf may have once ranged through various regions in the Northern part of what is now the United States, and that development and various wolf control programs reduced their numbers before their present recovery.  All other allegations of Paragraph 51 of Plaintiffs' Amended Complaint are denied.

52.    Sportsmen Defendant-Intervenors admit on information and belief the statements in the first two sentences of Paragraph 52 of Plaintiffs' Amended Complaint. Sportsmen Defendant-Intervenors, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the remaining statements contained in Paragraph 52.  To the extent that any additional response is required, the allegations of Paragraph 52 are denied.

53.    Sportsmen Defendant-Intervenors, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the statements contained in Paragraph 53 of Plaintiffs' Amended Complaint.  To the extent that any additional response is required, the allegations of Paragraph 53 are denied.

54.    Sportsmen Defendant-Intervenors, at this time, lack sufficient knowledge and/or information to determine the truth and/or accuracy of the statements contained in Paragraph 54 of Plaintiffs' Amended Complaint.  To the extent that any additional response is required, the allegations of Paragraph 54 are denied.

### *The Wolf's Recovery Begins*

55.    To the extent that Paragraph 55 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is

required, the statutory provisions and Federal Register notices referred to in Paragraph 55 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 55 makes factual statements, Sportsmen Defendant-Intervenors admit that the FWS, in August 1974 listed various subspecies of wolves, including the eastern timber wolf, as endangered or threatened under the ESA. Sportsmen Defendant-Intervenors are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of the remaining factual statements of Paragraph 55. To the extent that any additional response is required, the allegations of Paragraph 55 are denied.

56.    To the extent that Paragraph 56 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the Federal Register notice referred to in Paragraph 56 speaks for itself and is the best evidence of its content. To the extent that Paragraph 56 makes factual statements, Sportsmen Defendant-Intervenors are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements. To the extent that any additional response is required, the allegations of Paragraph 56 are denied.

57.    To the extent that Paragraph 57 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required. To the extent that Paragraph 57 makes factual statements, Sportsmen Defendant-Intervenors admit that listing a species under the ESA triggers certain protections under the ESA, but deny that listing under the ESA is the only way to protect a species, deny that listing under the ESA ensures the survival of a species, and deny all other allegations of the paragraph.

58.     Sportsmen Defendant-Intervenors admit that the Minnesota gray wolf population has increased substantially since the 1970s, but deny all the remaining allegations and inferences of the first sentence of Paragraph 58 of Plaintiffs' Amended Complaint.   Sportsmen Defendant-Intervenors are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of the remaining factual statements of Paragraph 58.  To the extent that any additional response is required, the allegations of Paragraph 58 are denied.  Sportsmen Defendant-Intervenors further deny any alleged inference that maintaining the present healthy gray wolf population requires relisting the gray wolf in the WGL DPS as threatened or endangered.

59.     Sportsmen Defendant-Intervenors admit that there are wolves in Northern Wisconsin and in the Upper Peninsula of Michigan and not that wolves may also be present in other parts of those same states.  Sportsmen Defendant-Intervenors are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of the remaining factual averments contained in Paragraph 59 of Plaintiffs' Amended Complaint.   To the extent that any additional response is required, the allegations of Paragraph 59 are denied.

60.     Sportsmen Defendant-Intervenors are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of the factual averments contained in Paragraph 60 of Plaintiffs' Amended Complaint.  To the extent that any additional response is required, the allegations of Paragraph 60 are denied.

61.     Sportsmen Defendant-Intervenors are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of the factual

averments contained in Paragraph 61 of Plaintiffs' Amended Complaint. Further answering, Sportsmen Defendant-Intervenors note that Plaintiffs seek to exclude the vast number of gray wolves and the vast areas of gray wolf range located in Canada and Alaska from their comparison of historical range and present range. To the extent that any additional response is required, the allegations of Paragraph 61 are denied.

62.    To the extent that Paragraph 62 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory and regulatory provisions and judicial opinions referred to in Paragraph 62 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 62 makes factual statements, Sportsmen Defendant-Intervenors specifically deny the allegations of the first sentence of Paragraph 62. Sportsmen Defendant-Intervenors are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of the remaining factual statements contained in Paragraph 62. To the extent that any additional response is required, the allegations of Paragraph 62 are denied.

### The FWS's Delisting Efforts

63.    Sportsmen Defendant-Intervenors admit that by the year 2000, the FWS had commenced activities potentially leading to the gray wolf delisting, but deny that there was an "intensive campaign" to delist. Sportsmen Defendant-Intervenors are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of the remaining factual averments contained in Paragraph 63 of

Plaintiffs' Amended Complaint.  To the extent that any additional response is required, the allegations of Paragraph 63 are denied.

64.    Sportsmen Defendant-Intervenors admit that the FWS published a proposed rule in 2000 pertaining to the reclassification of gray wolves.  To the extent that Paragraph 64 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the Federal Register notice referred to in Paragraph 64 speaks for itself and is the best evidence of its content.  To the extent that Paragraph 64 makes further factual statements, Sportsmen Defendant-Intervenors are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements.  To the extent that any additional response is required, the allegations of Paragraph 64 are denied.

65.    Sportsmen Defendant-Intervenors admit that, in 2003, the FWS issued a final rule to reclassify two Distinct Population Segments of gray wolves.  To the extent that Paragraph 65 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the Federal Register notice referred to in Paragraph 65 speaks for itself and is the best evidence of its own content.  To the extent that Paragraph 65 makes further factual statements, Sportsmen Defendant-Intervenors are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements.  To the extent that any additional response is required, the allegations of Paragraph 65 are denied.

66.    Sportsmen Defendant-Intervenors admit that the FWS issued an Advanced Notice of Proposed Rule Making on April 1, 2003.  To the extent that Paragraph 66 of

Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the Federal Register notice referred to in Paragraph 66 speaks for itself and is the best evidence of its own content. To the extent that Paragraph 66 makes additional factual statements, Sportsmen Defendant-Intervenors are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements. To the extent that any additional response is required, the allegations of Paragraph 6, especially those involving the allegations that FWS had a pre-set intent and was making good on threats, are denied.

67.    Sportsmen Defendant-Intervenors admit that several animal rights groups filed suit in federal district court in the district of Oregon to challenge the FWS's rule to reclassify wolves from "endangered" to "threatened" status and that a separate coalition of animal rights groups filed a similar suit in U.S. District Court for the District of Vermont. To the extent that Paragraph 67 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the judicial opinions referred to in Paragraph 67 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 67 makes factual statements, Sportsmen Defendant-Intervenors are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements. To the extent that any additional response is required, the allegations of Paragraph 67 are denied.

68.    To the extent that Paragraph 68 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required. To the extent that a response is

required, the judicial opinions referred to in Paragraph 68 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 68 makes factual statements, Sportsmen Defendant-Intervenors are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements.  To the extent that any additional response is required, the allegations of Paragraph 68 are denied.

69.    To the extent that Paragraph 69 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory provision, Federal Register notice, and judicial opinions referred to in Paragraph 69 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 69 makes factual statements, Sportsmen Defendant-Intervenors deny the allegations of the first sentence of Paragraph 69, and are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of the remaining factual statements of Paragraph 69.  To the extent that any additional response is required, the allegations of Paragraph 69 are denied.

70.    To the extent that Paragraph 70 of Plaintiffs' Amended Complaint attempt to paraphrase and/or summarize a judicial opinion, that opinion speaks for itself and is the best evidence of its own content.  Sportsmen Defendant-Intervenors specifically deny the factual allegations of the first sentence of Paragraph 70.  Sportsmen Defendant-Intervenors are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of the remaining factual allegations contained within

Paragraph 70. To the extent that any additional response is required, the allegations of Paragraph 70 are denied.

71. Sportsmen Defendant-Intervenors believe that Paragraph 71 of Plaintiffs' Amended Complaint refers to and attempts to paraphrase the contents of the FWS's final rule to delist the wolves of the WGL DPS and the proposed rule to delist the wolves of the Northern Rockies population. If so, the Federal Register notices to which Plaintiffs refer speak for themselves and are the best evidence of their own content. If on the other hand, Plaintiffs are making factual allegations which require a response, then Sportsmen Defendant-Intervenors are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of the allegations contained within Paragraph 71. To the extent that any additional response is required, the allegations of Paragraph 71 are denied.

72. The allegations of Paragraph 72 of Plaintiffs' Amended Complaint are admitted, as generally accurate, except that the allegation regarding expansive borders is denied.

73. Sportsmen Defendant-Intervenors admit, on information and belief that various parties filed comments supporting or opposing the proposed rule, and that the FWS ultimately determined to issue a rule delisting the WGL DPS of the gray wolf. Sportsmen Defendant-Intervenors are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of the remaining factual allegations containing in Paragraph 73 of Plaintiffs' Amended Complaint. To the extent that any additional response is required, the allegations of Paragraph 73 are denied.

*The Great Lakes Delisting Rule*

74.    The allegations of Paragraph 74 of Plaintiffs' Amended Complaint are admitted as being generally accurate.

75.    The allegations of Paragraph 75 of Plaintiffs' Amended Complaint are denied.  To the extent that Paragraph 75 sets forth conclusions of law, no further response is required.  Moreover, the statutory provisions referred to in Paragraph 75 speak for themselves and are the best evidence of their own content.

76.    The allegations of Paragraph 76 of Plaintiffs' Amended Complaint are denied.  To the extent that Paragraph 76 sets forth conclusions of law, no further response is required.  Moreover, the statutory provisions referred to in Paragraph 76 speak for themselves and are the best evidence of their own content.

77.    The allegations of Paragraph 77 of Plaintiffs' Amended Complaint are denied.  The statutory and policy provisions referred to in Paragraph 77 speak for themselves and are the best evidence of their own content.

78.    The allegations of Paragraph 78 of Plaintiffs' Amended Complaint are denied.  In addition, Paragraph 78 includes conclusions of law to which no further response is required.

79.    The allegations of Paragraph 79 of Plaintiffs' Amended Complaint are denied.  To the extent that Paragraph 79 sets forth conclusions of law, no further response is required.  To the extent that Paragraph 79 refers to state management plans, these plans speak for themselves and are the best evidence of their own content.

80.    The allegations of Paragraph 80 of Plaintiffs' Amended Complaint are denied.  To the extent that Paragraph 80 refers to state management plans, these state management plans speak for themselves and are the best evidence of their own content.

81.    The allegations of Paragraph 81 of Plaintiffs' Amended Complaint are denied.  In addition, Paragraph 81 includes conclusions of law to which no further response is required.  To the extent that Paragraph 81 refers to statutory provisions and state management plans, these statutory provisions and state management plans speak for themselves and are the best evidence of their own content.

82.    The allegations of the first and last sentences of Paragraph 82 of Plaintiffs' Amended Complaint are denied.  Sportsmen Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth and/or accuracy of the remaining allegations contained in Paragraph 82.  To the extent that any additional response is required, the allegations of Paragraph 82 are denied.

83.    To the extent that Paragraph 83 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the statutory, regulatory and policy provisions, Federal Register notice and state management plans referred to in Paragraph 83 speak for themselves and are the best evidence of their own content.  The allegation regarding FWS "blithely" assuming sufficient State Funding is denied.  To the extent that Paragraph 83 makes other factual statements, Sportsmen Defendant-Intervenors are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these

statements.  To the extent that any additional response is required, the allegations of Paragraph 83 are denied.

84.    The allegations of Paragraph 84 of Plaintiffs' Amended Complaint are denied.

85.    The allegations of Paragraph 85 of Plaintiffs' Amended Complaint are denied.  To the extent that Paragraph 85 refers to state management plans, these state management plans speak for themselves and are the best evidence of their own content.

86.    To the extent that Paragraph 86 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions and judicial opinions referred to in Paragraph 86 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 86 makes factual statements, Sportsmen Defendant-Intervenors admit that states have more flexibility in managing wildlife within their boundaries  after delisting of a species under the ESA than before delisting.  Sportsmen Defendant-Intervenors are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of the remaining factual statements contained in Paragraph 86.  To the extent that any additional response is required, the allegations of Paragraph 86 are denied.

87.    The allegations of Paragraph 87 of Plaintiffs' Amended Complaint are denied.

88.    Paragraph 88 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that Paragraph 88 makes factual statements, Sportsmen Defendant-Intervenors deny these statements, and base their

denial of statements about mange on insufficient knowledge or information to form a belief as to the truth and/or accuracy of such statement.  To the extent that any additional response is required, the allegations of Paragraph 88 are denied.

### The Eastern Timber Wolf Recovery Plan

89.    The allegations of the first sentence of Paragraph 89 of Plaintiffs' Amended Complaint are denied.  To the extent that the remainder of Paragraph 89 sets forth conclusions of law, no further response is required. To the extent that a response is required, the recovery plans referred to in Paragraph 89 speak for themselves and are the best evidence of their own content.  To the extent that the remainder of Paragraph 89 makes factual statements, Sportsmen Defendant-Intervenors are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements.  To the extent that any additional response is required, the allegations of Paragraph 89 are denied.

90.    The allegations of the final sentence of Paragraph 90 of Plaintiffs' Amended Complaint are denied.  To the extent that Paragraph 90 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions and recovery plans referred to in Paragraph 90 speak for themselves and are the best evidence of their own content.  To the extent that Paragraph 90 (other than its final sentence) makes factual statements, Sportsmen Defendant-Intervenors are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements.  To the extent that any additional response is required, the allegations of Paragraph 90 are denied.

91.    The allegations of Paragraph 91 of Plaintiffs' Amended Complaint are denied.  In addition, Paragraph 91 includes conclusions of law to which no further response is required.  The statutory provision speaks for itself and is the best evidence of its own content.

92.    Sportsmen Defendant-Intervenors are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of the statements in Paragraph 92 of Plaintiffs' Amended Complaint.  To the extent that any additional response is required, the allegations of Paragraph 92 are denied.

93.    Sportsmen Defendant-Intervenors admit that the FWS published a proposed rule on February 8, 2007 to delist wolves in the Northern Rocky Mountain population.  To the extent that Paragraph 93 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required.  To the extent that a response is required, the Federal Register notice referred to in Paragraph 93 speaks for itself and is the best evidence of its own content.  To the extent that Paragraph 93 makes further factual statements, Sportsmen Defendant-Intervenors are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of these statements.  To the extent that any additional response is required, the allegations of Paragraph 93 are denied.

94.    The allegations of the first sentence of Paragraph 94 of Plaintiffs' Amended Complaint are denied.  Sportsmen Defendant-Intervenors are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of the

remaining statements. To the extent that any additional response is required, the allegations of Paragraph 94 are denied.

95.    Sportsmen Defendant-Intervenors admit that the FWS issued Federal Register notices concerning the listing status of American crocodile and grizzly bears in the greater Yellowstone area. To the extent that Paragraph 95 of Plaintiffs' Amended Complaint sets forth conclusions of law, no further response is required. To the extent that a response is required, the Federal Register notices referred to in Paragraph 95 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 95 makes additional factual statements, Sportsmen Defendant-Intervenors admit that the American Crocodile has been reclassified from endangered to threatened status and that grizzly bears in the greater Yellowstone have been delisted. Sportsmen Defendant-Intervenors deny that grizzly bears are seriously threatened throughout their range. Sportsmen Defendant-Intervenors are, at this time, without sufficient knowledge or information to form a belief as to the truth and/or accuracy of the remaining factual statements of Paragraph 95. To the extent that any additional response is required, the allegations of Paragraph 95 are denied.

96.    Any and all allegations in Paragraph 96 of Plaintiffs' Amended Complaint of violation of the ESA are denied. To the extent that Paragraph 96 sets forth conclusions of law, no further response is required. Sportsmen Defendant-Intervenors are presently without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiffs served the statutorily required pre-suit demand letter. To the extent that any additional response is required, the allegations of Paragraph 96 are denied.

## COUNT I

97.    Sportsmen Defendant-Intervenors incorporate, by reference, their forgoing responses to Paragraphs 1-96 of Plaintiffs' Amended Complaint.

98.    Paragraph 98 of Plaintiffs' Amended Complaint constitutes a conclusion of law to which no further response is required.  To the extent that Paragraph 98 refers to statutory provisions, these provisions speak for themselves and are the best evidence of their own content.  To the extent that any further response is required, the allegations of Paragraph 98 are denied.

99.    The allegations of Paragraph 99 of Plaintiffs' Amended Complaint are denied.  In addition, Paragraph 99 contains conclusions of law to which no further response is required.

100.    The allegations of Paragraph 100 of Plaintiffs' Amended Complaint are denied.  In addition, Paragraph 100 includes conclusions of law to which no further response is required.

101.    Paragraph 101 of Plaintiffs' Amended Complaint constitutes a conclusion of law to which no further response is required.  To the extent that Paragraph 101 refers to statutory and regulatory provisions and Federal Register notices, these documents speak for themselves and are the best evidence of their own content.  To the extent that any further response is required, the allegations of Paragraph 101 are denied.

102.    The allegations of Paragraph 102 of Plaintiffs' Amended Complaint are denied.  In addition, Paragraph 102 includes conclusions of law to which no further response is required.

103.    Paragraph 103 of Plaintiffs' Amended Complaint constitutes a conclusion of law to which no further response is required.  To the extent that Paragraph 103 refers to a Federal Register notice, this documents speaks for itself and is the best evidence of its own content.  To the extent that any further response is required, the allegations of Paragraph 103 are denied.

104.    The allegations of Paragraph 104 of Plaintiffs' Amended Complaint are denied.

105.    The allegations of Paragraph 105 of Plaintiffs' Amended Complaint are denied.  In addition, Paragraph 105 includes conclusions of law to which no further response is required.

106.    The allegations of Paragraph 106 of Plaintiffs' Amended Complaint are denied.  In addition, Paragraph 106 includes conclusions of law to which no further response is required  To the extent that Paragraph 106 refers to statutory and policy provisions, these provisions speak for themselves and are the best evidence of their own content.

107.    Paragraph 107 of Plaintiffs' Amended Complaint constitutes a conclusion of law to which no further response is required.  The statutory and regulatory provisions referenced speak for themselves and are the best evidence of their own content.  To the extent that any further response is required, the allegations of Paragraph 107 are denied.

108.    The allegations of Paragraph 108 of Plaintiffs' Amended Complaint are denied.  In addition, Paragraph 108 includes conclusions of law to which no further response is required.

109.    The allegations of Paragraph 109 of Plaintiffs' Amended Complaint are denied.  In addition, Paragraph 109 includes conclusions of law to which no further response is required.  The statutory and regulatory provisions referenced speak for themselves and are the best evidence of their own content.

110.    The allegations of Paragraph 110 of Plaintiffs' Amended Complaint are denied.  In addition, Paragraph 110 includes conclusions of law to which no further response is required.

111.    The allegations of Paragraph 111 of Plaintiffs' Amended Complaint are denied.  In addition, Paragraph 111 includes conclusions of law to which no further response is required.  The statutory provision referenced speaks for itself and is the best evidence of its content.

112.    It is denied that Plaintiffs are entitled to any relief.

113.    Any allegations not expressly admitted or responded to are hereby denied.

## RELIEF REQUESTED

The final paragraphs of Plaintiffs' Amended Complaint consist of a prayer for relief to which no further response is required.  To the extent that any response is required, Sportsmen Defendant-Intervenors deny the prayer for relief.

## AFFIRMATIVE DEFENSES

1.    This Court lacks subject matter jurisdiction over this matter.

2.    Plaintiffs have asserted claims that are not ripe and/or are not a justiciable case or controversy.

3.      The allegations in the Complaint fail to state a claim upon which relief may be granted.

4.      Plaintiffs lack standing to assert the claims set forth in the Amended Complaint.

5.      Venue is improper or more appropriate in another district.

6.      Defendant-Intervenors reserve the right to name additional affirmative defenses as they may be discovered after filing of this Answer and before trial.

WHEREFORE, Sportsmen Defendant-Intervenors respectfully request that this Court grant judgment in favor of Federal Defendants and Sportsmen Defendant-Intervenors, that the Amended Complaint be dismissed with prejudice, and that the Court grant such other relief as Federal Defendants and Sportsmen Defendant-Intervenors may be entitled to or the court deems just and proper.

Dated:    June 11, 2007                            Respectfully Submitted,


                                                  s/Anna M. Seidman
                                                  Anna M. Seidman (D.C. Bar No. 417091)
                                                  Douglas S. Burdin (D.C. Bar No. 434107)
                                                  Safari Club International
                                                  501 2nd Street NE
                                                  Washington, D.C.  20002
                                                  (202) 543-8733
                                                  Fax:  (202) 543-1205
                                                  aseidman@sci-dc.org
                                                  dburdin@sci-dc.org

                                                  *Counsel for Safari Club International, and*
                                                  *Safari Club International Foundation*

and


s/William P. Horn
William P. Horn (D.C. Bar No. 375666)
James H. Lister (D.C. Bar. No. 447878)
Birch Horton, Bittner & Cherot
1155 Connecticut Avenue N.W., Suite 1200
Washington, D.C.  20036
(202) 659-5800
Fax:  (202)659-1027
whorn@dc.bhb.com
jlister@dc.bhb.com

*Counsel for U.S. Sportsmens' Alliance*
*Foundation, National Rifle Association,*
*Wisconsin Bear Hunters' Association, Scott*
*Meyer and Robert Stafsholt*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June, 2007, a true and correct copy of the

foregoing document was served via the Court's electronic filing system on the following

counsel of record:

**Counsel for Plaintiffs**
Rebecca G. Judd, Esq., rjudd@hsus.org
Brian B. O'Neill, Esq., boneill@faegre.com
Sanne H. Knudsen, Esq., msoules@faegre.com
Michael C. Soules, Esq., sknudsen@faegre.com

**Counsel for Defendants**
Jimmy A. Rodriguez, Esq., jimmy.rodriguez@usdoj.gov

      s/Anna M. Seidman
      Anna M. Seidman (D.C. Bar No. 417091)
      Douglas S. Burdin (D.C. Bar No. 434107)
      Safari Club International
      501 2nd Street NE
      Washington, D.C.  20002
      (202) 543-8733
      Fax:  (202) 543-1205
      aseidman@sci-dc.org
      dburdin@sci-dc.org

      *Counsel for Safari Club International, and*
      *Safari Club International Foundation*