# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES, et al., <br><br> Plaintiffs, <br> v. <br><br> DIRK KEMPTHORNE, Secretary of the Department of the Interior, the UNITED STATES DEPARTMENT OF THE INTERIOR, and the UNITED STATES FISH and WILDLIFE SERVICE. <br><br> Defendants, <br><br> U.S. SPORTSMEN'S ALLIANCE FOUNDATION, WISCONSIN BEAR HUNTING ASSOCIATION, et al., <br><br> Intervenor-Defendants, <br><br> SAFARI CLUB INTERNATIONAL and the NATIONAL RIFLE ASSOCIATION, et al., <br><br> Intervenor-Defendants. | Civil No. 1:07-cv-677-PLF |

## FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD

Plaintiffs The Humane Society of the United States, Help Our Wolves Live, Animal Protection Institute, and Friends of Animals and Their Environment (collectively, "Plaintiffs") ultimately challenge the Federal Defendants' decision to remove the western Great Lakes distinct population segment of the gray wolf from the list of threatened and endangered species. Federal Defendants published this decision on February 8, 2007.  See 72 Fed. Reg. 6052 (Feb. 8, 2007).  Among other things, Plaintiffs challenge the Federal Defendants' substantive threat

analysis under Section 4(a)(1) of the ESA. This particular section requires an analysis as to whether there are "existing regulatory mechanisms" adequate to protect the species. 16 U.S.C. § 1533(a)(1)(D). Plaintiffs claim that Minnesota's wolf management plan is not being fully implemented and proving to be an inadequate regulatory mechanism. Pls.' Mot. for Summ. J. at 37. In support of this argument, Plaintiffs seek to supplement the record with post-decisional evidence. See Proposed Exhibit E (letter from Michael W. DonCarlos, Minnesota Department of Natural Resources, to Michael C. Soules, dated April 19, 2007). This letter consists of several attachments that include (1) a wolf specialist job posting from 2003, (2) two interoffice memos addressing wolf management updates and issues, (3) a chart indicating budget allocations to wolf management activities from 2002 to 2009, and (4) a chart indicating the number of field conservation officers from 1998 to 2009. Plaintiffs acquired this information in April 2007, two months after Federal Defendants published their final decision in February 2007.

Federal Defendants hereby oppose Plaintiffs' Motion to Supplement the Record. In short, Plaintiffs' proposed exhibit E does not meet an exception to the general rule of administrative record review. Instead, Plaintiffs' motion impermissibly seeks to expand the appropriate scope of judicial review to include post-decisional information. In the alternative, if the Court grants Plaintiffs' motion, Federal Defendants request that the Court consider additional documents that provide a more complete and accurate description of Minnesota's current wolf management activities.

## Standard of Review

Under the judicial review provisions of the Administrative Procedure Act ("APA"), an administrative action may be set aside only where it is "arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); Marsh v. Oregon Natural Res. Council, 490 U.S. 360, 375 (1989). When a court reviews an administrative agency's decision under the APA, the court must limit its review to the administrative record. See Commercial Drapery, Inc. v. United States, 133 F.3d 1, 7 (D.C. Cir. 1998)(citing Envtl. Def. Fund v. Costle, 657 F.2d 275, 284 (D.C. Cir. 1981)); IMS, P.C. v. Alvarez, 129 F.3d 618, 624 (D.C. Cir. 1997). "[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142 (1973); see also Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985).

**Argument**

**1. The Administrative Record consists only of pre-decisional material.**

Plaintiffs seek to supplement the administrative record with post-decisional evidence (i.e., proposed exhibit E) of Minnesota's implementation of its wolf management plan.[1] In essence, Plaintiffs seek to avoid the general rule of narrowly confining the scope of judicial review to that information available at the time of agency decision. See e.g., Envtl. Def. Fund, 657 F.2d at 284 ("It is well settled that judicial review of agency action is normally confined to

---

[1] The Administrative Record supporting the final delisting rule was filed with the Court on August 17, 2007. Docket No. 22. Defendants subsequently filed an amended version of the record on September 17, 2007. Docket No. 23. The record contains more than 460 documents, consisting of over 17,000 pages of material. None of the parties dispute that the Administrative Record includes all of the information that the FWS directly or indirectly considered in making the decision to delist the western Great Lakes wolf population. As a result, the Court has before it the *whole* Administrative Record. See, e.g., Stainback v. Secretary of Navy, -- F.Supp.2d -- 2007 WL 3293257, *3 (D.D.C. 2007) (holding that the "whole" administrative record includes all documents and materials that the agency "directly or indirectly considered").

the full administrative record before the agency at the time the decision was made."). Plaintiffs rely on language found in Humane Soc'y of the United States v. Dep't of Commerce, 432 F. Supp. 2d 4 (D.D.C. 2006) ("HSUS") and Esch v. Yeutter, 876 F.2d 976 (D.C. Cir. 1989). Plaintiffs argue that proposed exhibit E meets an exception recognized by this Court as "evidence arising after the agency action." Pls.' Mot. to Suppl. R. 3; see also Humane Soc'y of the United States, 432 F. Supp. 2d at 14 (citing Esch, 876 F.2d at 991-92).

In addressing Plaintiffs' arguments, it is important to briefly discuss the exception originally outlined in Esch. Esch dealt with various farmers challenging their suspension from production adjustment and conservation research programs. Esch, 876 F.2d at 977. One of the issues before the Esch court, like the present issue here, was whether or not to supplement the administrative record. Id. at 991-92. The Plaintiffs in Esch sought to supplement the record with material that showed the agency did not comply with the appropriate procedural requirements. Id. The Esch court's analysis rested upon a distinction between procedural versus substantive challenges to agency decisions. Id. Specifically, Esch acknowledged that supplementation is not appropriate when the substantive soundness of the agency's decision is under scrutiny. Id. In contrast, Esch stated that supplementation may be allowed when an agency's procedural soundness is in question. Id. Esch ultimately allowed supplementation because the issue before it questioned whether the agency followed the necessary procedural steps required by statute. Id.

Here, Plaintiffs' argument and reliance in HSUS and Esch is misplaced for two reasons. First, as discussed above, Esch only outlined exceptions that are primarily intended to safeguard

the procedural integrity of the agency decision-making process.[2]  The underlying issue in the present case, however, does not involve a procedural flaw in the agency's decision-making process.  For example, the plaintiffs are not challenging (1) whether the agency adequately explained its action in the record before the court, (2) whether the agency failed to consider relevant factors or (3) whether the agency considered evidence which it failed to include in the record.  The agency in this case considered all the relevant factors, adequately explained its decision to delist, and included everything it considered in the administrative record.  Plaintiffs in this case simply challenge the agency's underlying substantive decisions that led to the final rule to delist.  Plaintiffs attempt to do this, not by submitting extra-record evidence to show a procedural flaw, but by the supplementation of the record with subsequent post-decisional evidence to challenge the merits.  This is evidence that was not available to the agency at the time of their decision.  James Madison Ltd. by Hecht v. Ludwig, 82 F.3d 1085, 1095 (D.C. Cir. 1996)("The administrative record includes all materials 'compiled' by the agency, that were 'before the agency at the time the decision was made.'")(internal citation omitted); Puerto Rico Higher Educ. Assistance Corp. v. Riley, 10 F.3d 847, 850-51 (D.C. Cir. 1993)("We base our

---

[2] The HSUS court mentioned three of the eight exceptions outlined in Esch.  The HSUS court stated:

> The D.C. Circuit, however, has recognized a number of exceptions to this rule, indicating that additional evidence may be considered where "the agency failed to consider factors which are relevant to its final decision[,]" the "agency considered evidence which it failed to include in the record[,]" "evidence arising after the agency action shows whether the decision was correct or not" or "in cases arising under the National Environmental Policy Act[.]"

Humane Soc'y of the United States, 432 F.Supp.2d at 14 (citing Esch, 876 F.2d at 991).  However, the HSUS court did not apply (or even discuss in any detail) the "evidence arising after the agency action" exception.

review of the Department's actions on the materials that were before the Department at the time its decision was made."); Envtl. Def. Fund, 657 F.2d at 284 ("It is well settled that judicial review of agency action is normally confined to the full administrative record before the agency at the time the decision was made."). To supplement the record with post-decisional evidence supporting Plaintiffs' substantive challenges is impermissible and would undermine the purpose of a reviewing court's narrow scope of judicial review. Plaintiffs' theory would open the door for numerous supplements to the record and would make it impossible for an agency to determine the bounds of its record.

  The second reason why Plaintiffs' arguments are misplaced is that HSUS and Esch did not adopt the "evidence arising after the agency action" exception. In coming to its decision, the Esch court briefly acknowledged numerous exceptions to the record review rule. Esch, 876 F.2d at 991-92. However, Esch never focused on or expounded on the validity of these exceptions. Esch merely noted that these exceptions existed and were used from time to time in various jurisdictions. Other courts in the D.C. Circuit, including an unpublished opinion by the D.C. Circuit, have declared the discussion of exceptions allowing extra-record review to be dicta and of limited value. Beverly Enters, Inc. v. Herman, 130 F. Supp. 2d 1, 8 fn. 2 (D.D.C. 2000) (acknowledging that Esch's discussion of the eight exceptions has been held to be dicta); see also Southwest Ctr. for Biological Diversity v. Norton, No. 98-934 (RMU/JMF), 2002 WL 1733618, at *7 (D.D.C. July 29, 2002) (noting dicta in Esch); Peterson Farms I v. Espy, 15 F.3d 1160, 1994 WL 26331, at *3 (D.C. Cir. Jan. 25, 1994) (holding that the Esch court's discussion of the eight exceptions was generally "dicta"). Thus, Esch and HSUS never expressly *adopted* the "evidence arising after the agency action" exception. Accordingly, Plaintiffs are urging the

Court to follow non-binding dicta that would impermissibly expand the scope of judicial review to post-decisional evidence that was not available at the time of the agency decision.

> **2.      Assuming *arguendo*, that the Court grants Plaintiffs' Motion to Supplement the Administrative Record, it should permit Defendants the opportunity to provide the Court with the most up-to-date and accurate post-decisional information available.**

In the event that the Court grants Plaintiffs' Motion to Supplement the Administrative Record, Federal Defendants request that the Court consider the most recent information regarding the status of Minnesota's wolf management efforts.  The materials that Plaintiffs have provided are not the most recent information available.  Indeed, because Plaintiffs received this information over seven months ago, their characterization of Minnesota's *current* efforts are likely inaccurate.  Accordingly, if the Court decides to consider post-decisional information, it should allow the parties to provide the Court the most recent information available.  This material may include, but would not be limited to, additional information (and/or explanations) from the Minnesota Department of Natural Resources, a declaration from the FWS explaining the proper interpretation of the post-decisional materials, and declarations or materials regarding the current status of the wolf populations in the western Great Lakes region.  As discussed above, Defendants do not recommend this course of action because the Court would then be reviewing the merits of the agency decision on the basis of information that could not have been considered at the time the decision was rendered.  At bottom, the parties would be creating "some new record made initially at the reviewing court" and inviting the court to substitute, impermissibly, its judgment for that of the expert agency's judgment.  Florida Power & Light, 470 U.S. at 743-44.

Finally, it should be noted that Plaintiffs have unnecessarily delayed moving to supplement the record with the documents provided to them by the Minnesota Department of Natural Resources. Plaintiffs' request should denied on this ground alone. See, e.g., New River Valley Greens v. U.S. Dept. of Transp., 129 F.3d 1260, 1997 WL 712887, *3 (4th Cir. 1997) (unpublished) (affirming a district court's finding that plaintiffs' attempt to supplement the administrative record was untimely); Wildwest Inst. v. Bull, 468 F.Supp. 2d 1234, 1248 (D. Mont. 2006) (in denying plaintiffs' motion to supplement the administrative record, noting that plaintiffs' delay in seeking supplementation was inexcusable). As explained in Plaintiffs' Motion to Supplement, the State of Minnesota provided the documents at issue in April 2007. The Federal Defendants filed the Administrative Record in September 2007. Thus, Plaintiffs were in possession of both the Administrative Record and Minnesota's responses for approximately two months prior to filing their Summary Judgment pleadings. Yet Plaintiffs did not file their Motion to Supplement the Administrative Record until the date of their Summary Judgment filing. The harm caused by the delay is compounded by the fact that Plaintiffs' Memorandum supporting their Summary Judgment Motion relies on the documents that they seek to have added to the record. Accordingly, the Court should strike the extra-record exhibits and disregard those portions of Plaintiffs' brief and statement of facts that rely upon or cite to those exhibits.

## Conclusion

For the reasons listed above, Plaintiffs' Motion to Supplement the Record must be denied.

DATED this 7th day of December, 2007,

    Respectfully submitted,

    RONALD J. TENPAS
    Acting Assistant Attorney General
    Environment & Natural Resources Division
    JEAN E. WILLIAMS, Chief
    LISA L. RUSSELL, Assistant Chief

    s/Jimmy A. Rodriguez
    JIMMY A. RODRIGUEZ, Trial Attorney
    RICKEY D. TURNER, Trial Attorney
    Wildlife & Marine Resources Section
    P.O. Box 7369
    Washington, D.C. 20044-7369
    202-305-0342 (Tel)
    202-305-0275 (Fax)
    jimmy.rodriguez@usdoj.gov

    Attorneys for Defendants

OF COUNSEL:

Sharon Pudwill
Department of the Interior, Office of the Solicitor
Bishop Henry Whipple Fed. Bldg.
1 Federal Drive
Room 686
Fort Snelling, MN 55111-4030