IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The Humane Society of the United States; Help Our Wolves Live ("HOWL"); Animal Protection Institute; and Friends of Animals and Their Environment,<br><br>                Plaintiffs,<br><br>v.<br><br>Dirk Kempthorne, Secretary of the Interior; United States Department of the Interior; and United States Fish and Wildlife Service,<br><br>                Defendants,<br><br>U.S. Sportsmen's Alliance Foundation, Wisconsin Bear Hunting Associating, *et al.*,<br><br>                Intervenor-Defendants,<br><br>Safari Club International, National Rifle Association, *et al.*,<br><br>                Intervenor-Defendants. | Case No. 1:07-cv-00677-PLF<br><br>**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE** |

The National Wildlife Federation ("NWF") and its affiliate organizations Wisconsin Wildlife Federation ("WWF"), Minnesota Conservation Federation ("MCF"), and Michigan United Conservation Clubs ("MUCC"), respectfully move this Court for leave to participate as amicus curiae in the above-captioned case. This case involves a challenge to a decision by the United States Fish and Wildlife Service ("FWS") to designate a Western Great Lakes Distinct Population Segment ("DPS") of the gray wolf and to remove the DPS from the list of species maintained pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 et seq. The Court previously approved a motion to file an amicus curiae brief by an organization (Center for

Case No. 1:07-cv-00677-PLF

Biological Diversity, "CBD") that supports the Plaintiffs' motion for summary judgment. NWF and its affiliates seek to file an amicus curiae brief that supports Defendants. Plaintiffs filed their brief in support of summary judgment on November 14, 2007, and CBD filed its brief amicus curiae on December 4, 2007. Defendants and Intervenor-Defendants are scheduled to file their briefs in response and cross-motions for summary judgment on January 18, 2008; Plaintiffs' reply brief is due February 15, 2008; and the Defendants' and Intervenor-Defendants' reply briefs are due March 7, 2008. NWF and affiliates propose to file an amicus brief on January 25, 2008, in order to prevent repeating information and arguments presented by Defendants and Intervenor Defendants.

NWF and its affiliate groups support the FWS actions as protective of the gray wolf and therefore oppose the relief sought by Plaintiffs. Success by Plaintiffs in this litigation will harm the interests of NWF and its affiliate members, who have worked for-years with the FWS and natural resource agencies in Michigan, Minnesota and Wisconsin to develop and promote sound wolf conservation management plans. The movants believe that their participation in this case will be useful to the Court, will not prejudice any party, and will aid in the administration of justice. NWF was a plaintiff in another recent challenge to an FWS rulemaking regarding wolf DPSs, and believes that its participation in that case will assist it in bringing the parties' and Court's attention to important issues in this case. *See National Wildlife Fed'n v. Norton*, 386 F. Supp. 2d 553 (D. Vt. 2005).

In accordance with Local Rule 7(m), counsel for NWF, et al., has contacted counsel for the parties in this case. Counsel for Plaintiffs stated that they do not oppose this motion to file an amicus brief on behalf of the Defendants. Counsel for Federal Defendants stated that they take

Case No. 1:07-cv-00677-PLF

no position on the motion. Counsel for Intervenor-Defendants Safari Club, International, *et al.* and U.S. Sportsmen's Alliance Federation, *et al.* do not oppose the motion.

NWF will abide by the briefing schedule set in this case, and proposes to file its brief in support of Defendants on January 25, 2008, seven days after Defendants and Intervenor-Defendants file their briefs, so as to avoid repetition.

In support of this motion, NWF and its affiliate groups submit a Memorandum in Support of its Motion for Leave to Participate as Amicus Curiae and a Proposed Order. For the reasons detailed in these documents, NWF and its affiliate groups respectfully request that the Court grant this motion.

RESPECTFULLY SUBMITTED this 11th day of January, 2008.

> National Wildlife Federation, Wisconsin Wildlife Federation, Minnesota Conservation Federation, and Michigan United Conservation Clubs
>
> By their Attorneys,
>
> *[signature]*
>
> David F. Williams, D.C. Bar No. 298380
> david.williams@cwt.com
> Jonathan R. Stone, D.C. Bar No. 425021
> jstone@cwt.com
> Cadwalader, Wickersham & Taft LLP
> 1201 F Street N.W., Suite 1100
> Washington, DC 20004
> Telephone: 202-862-2200
> Facsimile: 202-862-2400

Case No. 1:07-cv-00677-PLF

*/s/ Thomas France*

Thomas M. France, Montana Bar No. 2028
france@nwf.org
National Wildlife Federation
240 N. Higgins, Suite 2
Missoula, MT 59802
Telephone: 406-721-6705
Facsimile: 406-721-6714

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The Humane Society of the United States; Help Our Wolves Live ("HOWL"); Animal Protection Institute; and Friends of Animals and Their Environment,<br><br>Plaintiffs,<br><br>v.<br><br>Dirk Kempthorne, Secretary of the Interior; United States Department of the Interior; and United States Fish and Wildlife Service,<br><br>Defendants,<br><br>U.S. Sportsmen's Alliance Foundation, Wisconsin Bear Hunting Associating, *et al.*,<br><br>Intervenor-Defendants,<br><br>Safari Club International, National Rifle Association, *et al.*,<br><br>Intervenor-Defendants. | Case No. 1:07-cv-00677-PLF<br><br>NWF'S MEMORANDUM IN SUPPORT OF ITS UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE |

The National Wildlife Federation, Wisconsin Wildlife Federation, Minnesota Conservation Federation, and Michigan United Conservation Clubs submit this Memorandum in Support of their Unopposed Motion for Leave to File Brief as Amicus Curiae.

I.   **BACKGROUND OF PROPOSED AMICI**

   A.   **National Wildlife Federation**

   NWF is one of the nation's largest and oldest wildlife conservation organizations with more than four million members and supporters, including thousands in Wisconsin, Minnesota, and Michigan. NWF is dedicated to educating and preserving the interests of conservationists, outdoors enthusiasts, hunters and anglers for the benefit of future generations.

NWF has previously been involved in gray wolf litigation under the Endangered Species Act, 16 U.S.C. § 1531 et seq. ("ESA") on issues directly related to the present case. *See State of Wyoming v. U.S. Dep't of Interior*, 442 F.3d 1262 (10th Cir. 2006); *National Wildlife Fed'n v. Norton*, 386 F. Supp. 2d 553 (D. Vt. 2005); *Wyoming Farm Bureau Fed'n v. Babbitt*, 199 F.3d 1224 (10th Cir. 2000). Given its intimate involvement with wolf conservation science and programs at issue in this case, NWF, as an amicus, can aid the Court in its determination of the case.

### B. Wisconsin Wildlife Federation

WWF is the state affiliate of NWF, and has been in existence since 1949. Its membership consists of conservationists, hunters, fishers and others that are actively engaged in the outdoors. WWF works to assure that healthy wildlife populations and their habitat will be available for the future through conservation, education and advocacy of sound, science-based conservation policy. WWF accomplishes this latter goal by working with the Wisconsin state legislature and members of the United States Congress, participating in rulemaking processes to ensure that the law is meaningfully implemented at the administrative level, and working in coalition with other organizations to develop and advance policies important to its members. WWF and its members actively participated in the development of Wisconsin's gray wolf management plan.

### C. Minnesota Conservation Federation

MCF has been the Minnesota affiliate of the NWF since 1936. It is a non-profit entity under section 501(c)(3) of the Internal Revenue Code. MCF members consist of conservationists, outdoors enthusiasts, hunters, anglers, and others who are dedicated to the enjoyment, education, and ethical use of natural resources. MCF provides an impartial vehicle

Case No. 1:07-cv-00677-PLF

for all of its members to have a proactive effect on sound conservation policy. MCF and its members actively participated in the development of Minnesota's gray wolf management plan.

### D. Michigan United Conservation Clubs

MUCC is the state affiliate organization of NWF. MUCC is the largest statewide conservation organization in the nation, with nearly 100,000 members and more than 500 affiliated clubs. For more than sixty years, MUCC has worked to conserve Michigan's wildlife, fisheries, waters, forests, air, and soils by providing information, education, and advocacy. MUCC advocates for the wise and scientific management of Michigan's natural resources through public policy and litigation. MUCC maintains working relationships with state and federal agencies, legislators, and other key leaders to influence the direction of natural resource issues. MUCC and its members actively participated in the development of Michigan's gray wolf management plan.

## II. AMICUS APPLICANTS' INTEREST IN THIS LITIGATION

NWF, WWF, MCF, and MUCC (collectively hereafter "NWF") and its members have an interest in ensuring the responsible management of wildlife resources today for the benefit of future generations. This interest will be harmed if Plaintiffs prevail in this lawsuit. NWF also has an interest in defending challenges to United States Fish and Wildlife Service ("FWS") delisting actions in order to avoid weakening the effectiveness of the ESA, and to ensure continued state management of wildlife resources.

Although the Defendant FWS and NWF share a common interest in supporting the FWS decision to delist the Western Great Lakes Distinct Population Segment ("DPS") of the gray wolf, their perspectives are very different. In fact, NWF successfully challenged a previous rulemaking by FWS in regard to a different gray wolf DPS. *National Wildlife Fed'n*, 386 F.

Supp. 2d 553 (D. Vt. 2005). NWF represents the interests of conservationists, hunters, and anglers with a focus on habitat conservation and education. NWF represents its individual members who will be impacted by the outcome of this case. In contrast, the FWS has a duty to manage competing interests and uses, such as balancing the interests of the livestock community, the state, the general public, and endangered species. NWF's primary interest in wolf conservation management programs also differs from the primary interest of the Intervenor-Defendants' interest in protecting hunting dogs from depredation. *See* Memorandum of Points and Authorities in Support of Motion to Intervene Filed by the U.S. Sportsmen's Alliance Foundation, Wisconsin Bear Hunters Association, Scott Meyer, and Rob Stafsholt and Motion of Safari Club International, Safari Club International Foundation and National Rifle Association to Intervene as Defendants and Memorandum of Points and Authorities in Support Thereof.

### III. THE COURT HAS INHERENT AUTHORITY TO GRANT NWF'S MOTION

A district court has inherent authority to designate amicus curiae status to assist it in a proceeding. *Liberty Resources, Inc. v. Philadelphia Housing Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005); *Alliance of Automobile Mfrs. v. Gwadowsky*, 297 F. Supp. 2d 305, 306 (D. Me. 2003); *Ellsworth Assocs., Inc. v. U.S.*, 917 F. Supp. 841, 846 (D.D.C. 1996). This Court has previously allowed entities to participate as amicus curiae. *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003); *Ellsworth* at 846. There are no formal prerequisites to qualify as an amicus, although generally the applicant must have a special interest in the particular case. *See Liberty* at 209; *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982).

Generally, amicus status should be granted "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cobell* at 62 (*citing Ryan v. Commodity Futures Trading Comm'n*, 125

Case No. 1:07-cv-00677-PLF

F.3d 1062, 1063 (7th Cir. 1997)). As stated above, NWF has a unique perspective from that of the FWS in that it represents the interests of conservationists and outdoors enthusiasts in those areas of the country who will be most affected by the outcome of this case. NWF and its affiliates, moreover, have participated in the Defendants' management of gray wolves under the ESA and in the development of the state management plans in Michigan, Minnesota, and Wisconsin. As these plans were being developed, NWF made independent judgments about the quality of the plans and whether they should be supported by conservationists in the three states. This perspective will provide information to the Court beyond that of the parties, and will help the Court in deciding the outcome.

### IV. NWF'S PARTICIPATION AS AMICUS WILL BE USEFUL AND WILL NOT PREJUDICE ANY PARTY

In the current posture of this case, approving the submission by NWF of a brief amicus curiae would not prejudice any of the parties, nor do any of the parties object. The Court previously approved a motion to file an amicus curiae brief by an organization (Center for Biological Diversity, "CBD") that supports the Plaintiffs' motion for summary judgment. NWF and its affiliates seek to file an amicus curiae brief that supports Defendants. Plaintiffs filed their brief in support of summary judgment on November 14, 2007, and CBD filed its brief amicus curiae on December 4, 2007. Defendants and Intervenor-Defendants are scheduled to file their briefs in response and cross-motions for summary judgment on January 18, 2008; Plaintiffs' reply brief is due February 15, 2008; and the Defendants' and Intervenor-Defendants' reply briefs are due March 7, 2008. NWF and affiliates propose to file an amicus brief on January 25, 2008, in order to prevent repeating information and arguments presented by Defendants and Intervenor Defendants.

Case No. 1:07-cv-00677-PLF

V. **CONCLUSION**

NWF respectfully requests that the Court grant its motion to participate as amicus curiae and allow it to file a brief on January 25, 2008, seven days after the Defendants file their briefs pursuant to the briefing schedule set in this case.

RESPECTFULLY SUBMITTED this 11th day of January, 2008.

National Wildlife Federation, Wisconsin Wildlife Federation, Minnesota Conservation Federation, and Michigan United Conservation Clubs

By their Attorneys,

*/s/ David F. Williams*

David F. Williams, D.C. Bar No. 298380
david.williams@cwt.com
Jonathan R. Stone, D.C. Bar No. 425021
jstone@cwt.com
Cadwalader, Wickersham & Taft LLP
1201 F Street N.W., Suite 1100
Washington, DC 20004
Telephone: 202-862-2200
Facsimile: 202-862-2400

*Thomas France/JS*

Thomas M. France, Montana Bar No. 2028
france@nwf.org
National Wildlife Federation
240 N. Higgins, Suite 2
Missoula, MT 59802
Telephone: 406-721-6705
Facsimile: 406-721-6714

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The Humane Society of the United States; Help Our Wolves Live ("HOWL"); Animal Protection Institute; and Friends of Animals and Their Environment,<br><br>Plaintiffs,<br><br>v.<br><br>Dirk Kempthorne, Secretary of the Interior; United States Department of the Interior; and United States Fish and Wildlife Service,<br><br>Defendants,<br><br>U.S. Sportsmen's Alliance Foundation, Wisconsin Bear Hunting Associating, *et al.*,<br><br>Intervenor-Defendants,<br><br>Safari Club International, National Rifle Association, *et al.*,<br><br>Intervenor-Defendants. | Case No. 1:07-cv-00677-PLF<br><br>**PROPOSED ORDER ON MOTION OF NATIONAL WILDLIFE FEDERATION et al. TO FILE BRIEF AS AMICUS CURIAE** |

Having reviewed the Unopposed Motion for Leave to File Brief as Amicus Curiae filed by Applicants National Wildlife Federation, Wisconsin Wildlife Federation, Minnesota Conservation Federation, and Michigan United Conservation Clubs, (collectively "NWF") and the parties' submissions in connection therewith, it is hereby

ORDERED that NWF's Motion is GRANTED, and it is hereby further

ORDERED that NWF shall be permitted to participate in these proceedings as *amicus curiae*, including by filing a brief with the Court no later than January 25, 2008.

Case No. 1:07-cv-00677-PLF

Date: _____, 2008.

_____
The Honorable Paul L. Friedman
United States District Judge
District of Columbia