**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| The Humane Society of the United States; Help Our Wolves Live ("HOWL"); Animal Protection Institute; and Friends of Animals and Their Environment, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 1:07-cv-00677-PLF |
| v. | ) ) ) | |
| Dirk Kempthorne, Secretary of the Interior; United States Department of the Interior; and United States Fish and Wildlife Service, | ) ) ) ) | |
| Defendants, | ) ) | |
| U.S. Sportsmen's Alliance Foundation; Wisconsin Bear Hunters Association; *et al.*, | ) ) ) | |
| Intervenor-Defendants, | ) ) | |
| Safari Club International; National Rifle Association; *et al.*, | ) ) ) | |
| Intervenor-Defendants. | ) ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION**
**TO *AMICUS CURIAE*'S MOTION TO SUPPLEMENT THE RECORD**

Plaintiffs The Humane Society of the United States, Help Our Wolves Live, Animal

Protection Institute, and Friends of Animals and Their Environment (collectively, "Plaintiffs")

oppose the efforts of *amicus curiae* Michigan Department of Natural Resources *et al.* ("Michigan

DNR" or "DNR") to backfill the administrative record with what is, in essence, a *post hoc*

litigation document. The Michigan DNR seeks the admission of a declaration from Todd

Hogrefe, a Michigan DNR employee, that was drafted in response to Plaintiffs' summary

judgment brief. *See* Declaration of Todd Hogrefe, dated Jan. 14, 2008 (the "proffered document"). Not only does the proffered document fail the standards for supplementation of the record, but the Michigan DNR, as an *amicus curiae*, is not entitled to file a discovery-related motion like this one. The motion to supplement should be denied.

## BACKGROUND

Plaintiffs' counsel first learned about the proffered document on January 14, 2008. This document, which runs to ten pages, was prepared less than a month ago – more than 11 months after the gray wolf was removed from the endangered species list. *See* Hogrefe Decl. at 10; *cf.* 72 Fed. Reg. 6052 (Feb. 8, 2007). The document is replete with *post hoc* rationalizations specifically intended to rebut points that were made in Plaintiffs' summary judgment brief. For example, Plaintiffs' brief discussed how the inadequacy of Michigan's regulatory mechanisms imperiled the gray wolf population. *See, e.g.*, Docket Entry No. 27-2 at 35-36; *cf.* 16 U.S.C. § 1533(a)(1)(D) (species must be listed if threatened due to "the inadequacy of existing regulatory mechanisms"). In a transparent effort to dissuade concerns about the adequacy of Michigan's regulatory mechanisms, the proffered document baldly asserts that "[t]he Michigan DNR is committed to maintaining a viable Michigan wolf population above a level that would warrant its classification as threatened or endangered . . . ." Hogrefe Decl. ¶ 11; *see also id.* ¶ 18 (arguing that Michigan's "wolf-plan revision process has in no way caused a gap in Michigan's regulatory mechanisms"). Were there any doubt as to the proffered document's argumentative nature, those doubts are erased by the document's direct reference to Plaintiffs' brief. *See* Hogrefe Decl. ¶ 22 ("Despite suggestions by the Plaintiffs . . . ."). In short, the proffered document, which also includes an argument by analogy, *id.* ¶ 26, represents a piece of advocacy manufactured for purposes of this litigation.

The proffered document also includes numerous references to information that post-dates the delisting of the gray wolf, 72 Fed. Reg. 6052, or is otherwise outside the administrative record. *See, e.g.*, Hogrefe Decl. ¶¶ 3, 7-8, 12, 14-15, 19-20, 26-27, 29-30.

## ARGUMENT

Except in certain limited circumstances, judicial review of agency action is confined to the administrative record. *Humane Soc'y of the United States v. Dep't of Commerce*, 432 F. Supp. 2d 4, 14 (D.D.C. 2006) ("*HSUS*"); *Carlton v. Babbitt*, 26 F. Supp. 2d 102, 106 (D.D.C. 1998). In this case, there are several reasons why the Court should reject *amicus* Michigan DNR's effort to supplement the record. First, the Michigan DNR is an *amicus curiae*, not a party, and *amici* should not be permitted to file discovery-related motions or introduce evidence. Second, the Michigan DNR has failed to show that the proffered document meets the standards for supplementation of the administrative record. The DNR's motion should be denied.

## I.     AS AN *AMICUS CURIAE*, THE MICHIGAN DNR SHOULD NOT BE PERMITTED TO FILE THIS DISCOVERY-RELATED MOTION.

"In our judicial system, amici status is not the same as party status." *United States v. Microsoft*, No. Civ. A. 94-15-64, 1995 WL 121107 at *1 (D.D.C. Mar. 14, 1995). This Court has broad discretion "to determine the fact, extent, and manner of participation by the amicus." *United States v. Microsoft Corp.*, No. Civ. A. 98-1232 (CKK), 2002 WL 319366 at *2 (D.D.C. Feb. 28, 2002); *see also Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). But *amici* have "never been recognized, elevated to, or accorded

the full litigating status of a named party or a real party in interest . . . ."  *United States v. State of Michigan*, 940 F.2d 143, 165 (6th Cir. 1991).[1]

As a non-party, an *amicus curiae* "has no control over the litigation and no right to institute any proceedings in it, nor can it file any pleadings or motions in the case."  *Citizens Against Casino Gambling v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007) (quoting *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1068 (N.D. Cal. 2005)); *State of Michigan*, 940 F.2d at 165 (noting that "amicus has been consistently precluded from initiating legal proceedings, filing pleadings, or otherwise participating and assuming control of the controversy in a totally adversarial fashion").  Consistent with this limited role, *amici* are precluded from conducting discovery or introducing additional evidence into the proceedings.  *Bennett v. Yoshina*, 140 F.3d 1218, 1224 (9th Cir. 1998) (noting that *amici* "are not actually parties to a case [and] cannot conduct discovery"); *Wiggins Bros., Inc. v. Dep't of Energy*, 667 F.2d 77, 83 (Emer. App. 1981) ("[I]n the absence of exceptional circumstances, amicus curiae is not entitled to introduce additional evidence. . . .").

Here, the Michigan DNR's motion to supplement the record far exceeds its limited role as an *amicus curiae*.  As courts have repeatedly recognized, *amici* may neither file motions nor conduct discovery.  *Citizens*, 471 F. Supp. 2d at 311; *NGV Gaming*, 355 F. Supp. 2d at 1068; *Bennett*, 140 F.3d at 1224.  Nor does this case present any "exceptional circumstances" that might warrant departure from the general rule precluding this type of discovery-related motion.

---

[1] In *State of Michigan*, the Sixth Circuit warned of the dangers associated with permitting "this legal mutant characterized as 'litigating amicus curiae.'"  940 F.2d at 164.  The court noted that the participation of a "litigating amicus curiae" could turn "the trial court into a free-wheeling forum of competing special interest groups capable of frustrating and undermining the ability of the named parties/real parties in interest to expeditiously resolve their own dispute and capable of complicating the court's ability to perform its judicial function."  *Id.* at 166.

*Wiggins Brothers*, 667 F.2d at 83. Indeed, the Michigan DNR's sole justification for introducing this *post hoc* declaration is that Plaintiffs have purportedly mischaracterized the administrative record. *See* Memo Of Michigan DNR *et al.* In Support Of Their Motion to Supplement ("Memo.") at 2, 3, 4-5.

Plaintiffs vigorously dispute the notion that their summary judgment brief includes "mischaracterizations of the administrative record." *Id.* at 4. But even assuming, for the sake of argument, that the Michigan DNR's accusations had any merit, the DNR could correct those "mischaracterizations" by pointing out how Plaintiffs' arguments are inconsistent with the administrative record. There is no justification for manufacturing new, *post hoc* declarations to rebut Plaintiffs' record-based arguments. Because the Michigan DNR's attempt to inject new evidence into this case exceeds its role as an *amicus curiae*, the motion should be denied. *See Verizon New England v. Maine PUC*, 229 F.R.D. 335, 338 (D. Me. 2005) (denying *amici*'s request to have "the right to call witness, cross-examine witnesses, or *conduct discovery*") (emphasis added).[2]

## II.  THE PROFFERED DOCUMENT FAILS TO SATISFY THE STANDARDS FOR SUPPLEMENTATION OF THE RECORD.

Even assuming the Michigan DNR was entitled to bring this motion, the proffered document should not be admitted. This Circuit has recognized eight exceptions to the general

---

[2] In *North Carolina Right to Life v. Leake*, this Court quashed subpoenas that had been issued against several *amici* that were participating in another case. 231 F.R.D. 49 (D.D.C. 2005). When the plaintiff sought to justify the subpoenas based on the *amici*'s bias, the Court noted that "[t]he bias that is relevant . . . is that of a *witness* or *party* in the case, not of an unrelated non-party." *Id.* at 51. The Court emphasized the limited role of *amici*, explaining that "[t]he mere filing of an amicus brief . . . does not open oneself to broad discovery demands." *Id.* Just as *amici* should not be subjected to discovery requests, so too should they be precluded from filing discovery-related motions like the one advanced here by the Michigan DNR.

rule that judicial review is limited to the administrative record. *See HSUS*, 432 F. Supp. 2d at 14; *see also Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989) (listing the exceptions). The Michigan DNR tacitly concedes that none of those exceptions apply here. *See* Memo. at 4. Instead, Plaintiffs' purported mischaracterizations of the administrative record "are the basis" for this motion to supplement. *Id.* But there is no exception to the record review requirement based on a party's alleged mischaracterizations of the record, and the DNR's request for supplementation should be denied.

Moreover, the proffered document should be rejected as an improper attempt to introduce *post hoc* rationalizations into an administrative review case. *See HSUS*, 432 F. Supp. 2d at 14 (noting that judicial review is generally restricted to the record "*at the time the decision was made*") (citation omitted) (emphasis added). Courts have consistently rejected efforts to introduce *post hoc* documents into administrative review cases. *See Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984) (noting the danger that extra-record review could allow an agency to "take advantage of post hoc rationalizations"); *AT&T Info. Sys., Inc. v. GSA*, 810 F.2d 1233, 1236 (D.C. Cir. 1987) (recognizing that "we have repeatedly . . . bar[red] introduction of litigation affidavits to supplement the administrative record"); *Ad Hoc Metals Coalition v. Whitman*, 227 F. Supp. 2d 134, 137 (D.D.C. 2002) (noting that a court "may not entertain *post hoc* rationalizations where no rationale was set forth before"). In this case, the Michigan DNR seeks to supplement the record with a document that was prepared less than three weeks ago, and which is an admitted effort to justify an agency decision made in February 2007. The Court should not permit this attempt to create a "new record made initially in the reviewing court." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729 743-44 (1985).

Finally, the proffered document should be rejected as argumentative. An administrative record should only be supplemented with "evidence that is not argumentative" – arguments should be reserved for motions and briefs. *LeBoeuf, Lamb, Green & MacRae LLP v. Abraham*, 215 F. Supp. 2d 73, 82 (D.D.C. 2002); *Corel Corp. v. United States*, 165 F. Supp. 2d 12, 31-32 (D.D.C. 2001) (refusing supplementation of the record with declarations that were argumentative rather than explanatory). As noted above on page 2, the proffered document reads as a point-by-point rebuttal of the arguments set forth in Plaintiffs' summary judgment brief. *See, e.g.*, Hogrefe Decl. ¶ 22 ("Despite suggestions by the Plaintiffs . . . .").[3] The argumentative nature of the proffered document is an additional reason for denying this motion.

Because none of the *Esch* exceptions apply, and because the proffered document contains *post hoc* rationalizations and argumentation, the motion to supplement should be denied.

---

[3] By contrast, Plaintiffs have sought to supplement the record with a factual document that was not prepared specifically for this litigation. *See* Docket Entry No. 28 (Nov. 14, 2007).

## **CONCLUSION**

For the foregoing reasons, the Michigan DNR's motion to supplement the administrative record should be denied.


Dated: February 1, 2007                              Respectfully submitted,


                                                     /s/  Michael C. Soules & Rebecca G. Judd
                                                     Rebecca G. Judd, D.C. Bar No. 486315
                                                     rjudd@hsus.org
                                                     Jonathan R. Lovvorn, D.C. Bar No. 461163
                                                     jlovvorn@hsus.org
                                                     The Humane Society of the United States
                                                     2100 L Street, NW
                                                     Washington, DC  20037
                                                     (202) 452-1100
                                                     (202) 778-6132 (facsimile)

                                                     Brian B. O'Neill, Minn. Bar No. 82521
                                                     boneill@faegre.com
                                                     Sanne H. Knudsen, Minn. Bar No. 0344552
                                                     sknudsen@faegre.com
                                                     Michael C. Soules, D.C. Bar No. 477911
                                                     msoules@faegre.com
                                                     FAEGRE & BENSON LLP
                                                     2200 Wells Fargo Center
                                                     90 South Seventh Street
                                                     Minneapolis, MN  55402-3901
                                                     (612) 766-7000
                                                     (612) 766-1600 (facsimile)

                                                     *Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| The Humane Society of the United States; Help Our Wolves Live ("HOWL"); Animal Protection Institute; and Friends of Animals and Their Environment, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | **Civil No. 1:07-cv-00677-PLF** |
| v. | ) ) | |
| Dirk Kempthorne, Secretary of the Interior; United States Department of the Interior; and United States Fish and Wildlife Service, | ) ) ) ) | |
| Defendants, | ) ) | |
| U.S. Sportsmen's Alliance Foundation, Wisconsin Bear Hunters Association, *et al.*, | ) ) ) | |
| Intervenor-Defendants, | ) ) | |
| Safari Club International, National Rifle Association, *et al.*, | ) ) ) | |
| Intervenor-Defendants. | ) ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of February, 2008, I caused to be served by first class mail Plaintiffs' Memorandum In Opposition To *Amicus Curiae*'s Motion To Supplement The Record, and a proposed order, on the following:

M. Carol Bambery
ASSOCIATION OF FISH & WILDLIFE AGENCIES
444 North Capitol Street, NW
Suite 725
Washington, DC 20001

J. Anthony Logan
OHIO DEPARTMENT OF

NATURAL RESOURCES
2045 Morse Road, D-3
Columbus, OH 43229

Tracy E. McGinnis
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 180
Jefferson, MO 65102-0180

David W. Merchant
OFFICE OF THE ATTORNEY GENERAL FOR THE STATE OF MINNESOTA
445 Minnesota Street
100 Bremer Tower
Saint Paul, MN 55101

Paul Morrison
OFFICE OF THE ATTORNEY GENERAL
120 SW 10th Street
Memorial Hall, Second Floor
Topeka, KS 66612

Morgain M. Sprague
KENTUCKY DEPARTMENT OF FISH & WILDLIFE RESOURCES
#1 Sportsman's Lane
Frankfort, KY 40601

Wayne K. Stenehjem
OFFICE OF THE ATTORNEY GENERAL
600 East Boulevard Avenue
Department 25
Bismarck, ND  58505-0040

J. B. VanHollen
OFFICE OF THE ATTORNEY GENERAL
17 West Main Street
Madison, WI 53703

/s/ Michael C. Soules
Michael C. Soules
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
(612) 766-7000

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| The Humane Society of the United States; Help Our Wolves Live ("HOWL"); Animal Protection Institute; and Friends of Animals and Their Environment, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | **Civil No. 1:07-cv-00677-PLF** |
| v. | ) ) | |
| Dirk Kempthorne, Secretary of the Interior; United States Department of the Interior; and United States Fish and Wildlife Service, | ) ) ) ) | |
| Defendants, | ) ) | |
| U.S. Sportsmen's Alliance Foundation, Wisconsin Bear Hunters Association, *et al.*, | ) ) ) | |
| Intervenor-Defendants, | ) ) | |
| Safari Club International, National Rifle Association, *et al.*, | ) ) ) | |
| Intervenor-Defendants. | ) ) | |

## <u>PROPOSED ORDER</u>

Upon consideration of the Motion to Supplement the Record filed by *amicus curiae* Michigan Department of Natural Resources *et al.*, and the responses and replies thereto, it is

**ORDERED** that the motion to supplement is **DENIED**; and it is

**FURTHER ORDERED** that all references to the Declaration of Todd Hogrefe in the *amicus* brief filed by the Michigan Department of Natural Resources are hereby stricken and shall not be considered in resolving the above-captioned matter.

**SO ORDERED**.


Dated:_____                    _____
                                         The Honorable Paul L. Friedman
                                         United States District Judge

## <u>ATTORNEYS TO BE NOTIFIED</u>

**Attorneys To Be Notified Electronically:**

Rebecca G. Judd
rjudd@hsus.org
Jonathan R. Lovvorn
jlovvorn@hsus.org
THE HUMANE SOCIETY OF THE UNITED STATES
2100 L Street, NW
Washington, DC  20037
(202) 452-1100
(202) 778-6132 (facsimile)

Brian B. O'Neill
boneill@faegre.com
Sanne H. Knudsen
sknudsen@faegre.com
Michael C. Soules
msoules@faegre.com
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
(612) 766-7000
(612) 766-1600 (facsimile)
*Attorneys for Plaintiffs*

Jimmy A. Rodriguez
U.S. DEPARTMENT OF JUSTICE
P.O. Box 7369
Washington, DC 20044
(202) 305-0342
Fax: (202) 305-0275
jimmy.rodriguez@usdoj.gov
*Attorney for Federal Defendants*

William P. Horn
whorn@dc.bhb.com
James Hardwick Lister
jlister@dc.bhb.com
BIRCH, HORTON, BITTNER AND CHEROT
1155 Connecticut Avenue, NW
Suite 1200
Washington, DC 20036

(202) 659-5800
Fax: (202) 659-1027
*Attorneys for Intervenor-Defendants U.S. Sportsmen's Alliance Foundation, et al.*

Anna Margo Seidman
aseidman@cox.net
Douglas Scott Burdin
dburdin@sci-dc.org
SAFARI CLUB INTERNATIONAL
501 2nd Street, NE
Washington, DC 20002
(202) 543-8733
Fax: (202) 543-1205
*Attorneys for Intervenor-Defendants Safari Club International et al.*

Amy R. Atwood
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 11374
Portland, OR  97211
(503) 283-5474
(503) 283-5528 (fax)
atwood@biologicaldiversity.org
*Attorney for Amicus Curiae Center for Biological Diversity*

Thomas G. Echikson
SIDLEY AUSTIN BROWN & WOOD
1501 K Street, NW
Washington, DC  20005
(202) 736-8000
(202) 736-8711 (fax)
techikson@sidley.com
*Attorney for Amicus Curiae Pacific Legal Foundation et al.*

Marie Shamraj
MICHIGAN DEPARTMENT OF ATTORNEY GENERAL
525 West Ottawa
Sixth Floor, Williams Building
Lansing, MI  48909
(517) 373-7540
shamrajm@michigan.gov
*Attorney for Amicus Curiae Michigan Department of Natural Resources et al.*

Jonathan R. Stone
CADWALADER WICKERSHAM & TAFT LLP
1201 F Street, NW
Washington, DC  20004

(202) 862-2270
(202) 862-2400 (fax)
jstone@cwt.com
*Attorney for Amicus Curiae National Wildlife Federation et al.*

**Attorneys To Be Notified By Other Means:**

M. Carol Bambery
ASSOCIATION OF FISH & WILDLIFE AGENCIES
444 North Capitol Street, NW
Suite 725
Washington, DC 20001

J. Anthony Logan
OHIO DEPARTMENT OF NATURAL RESOURCES
2045 Morse Road, D-3
Columbus, OH 43229

Tracy E. McGinnis
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 180
Jefferson, MO 65102-0180

David W. Merchant
OFFICE OF THE ATTORNEY GENERAL FOR THE STATE OF MINNESOTA
445 Minnesota Street
100 Bremer Tower
Saint Paul, MN 55101

Paul Morrison
OFFICE OF THE ATTORNEY GENERAL
120 SW 10th Street
Memorial Hall, Second Floor
Topeka, KS 66612

Morgain M. Sprague
KENTUCKY DEPARTMENT OF FISH & WILDLIFE RESOURCES
#1 Sportsman's Lane
Frankfort, KY 40601

Wayne K. Stenehjem
600 East Boulevard Avenue
Department 25
Bismarck, ND 58505-0040

J. B. VanHollen
OFFICE OF THE ATTORNEY GENERAL
17 West Main Street
Madison, WI 53703
*Attorneys For Amicus Curiae Michigan Department of Natural Resources, et al.*