# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The Humane Society of the United States; Help Our Wolves Live ("HOWL"); Animal Protection Institute; and Friends of Animals and Their Environment, <br><br>        Plaintiffs, <br><br>    v. <br><br> Dirk Kempthorne, Secretary of the Interior; United States Department of the Interior; and United States Fish and Wildlife Service, <br><br>        Defendants, <br><br> U.S. Sportsmen's Alliance Foundation; Wisconsin Bear Hunters Association; *et al.*, <br><br>        Intervenor-Defendants, <br><br> Safari Club International; National Rifle Association; *et al.*, <br><br>        Intervenor-Defendants. | **Civil No. 1:07-cv-00677-PLF** |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION
## TO INTERVENORS' MOTION TO SUPPLEMENT THE RECORD

Plaintiffs The Humane Society of the United States, Help Our Wolves Live, Animal Protection Institute, and Friends of Animals and Their Environment (collectively, "Plaintiffs") oppose the efforts of Intervenor-Defendants U.S. Sportsmen's Alliance Foundation *et al.* and Safari Club International *et al.* (collectively, "Intervenors") to backfill the administrative record with what is, in essence, a *post hoc* litigation document. Intervenors seek the admission of a declaration from Todd Hogrefe, a Michigan Department of Natural Resources ("DNR")

employee, that was drafted in response to Plaintiffs' summary judgment brief. *See* Declaration of Todd Hogrefe, dated Jan. 14, 2008 (the "proffered document"). Because the proffered document fails the standards for supplementation of the administrative record, Intervenors' motion should be denied.

## BACKGROUND

The proffered document, which runs to ten pages, was prepared more than 11 months after the gray wolf was removed from the endangered species list. *See* Hogrefe Decl. at 10; *cf.* 72 Fed. Reg. 6052 (Feb. 8, 2007) ("Final Rule"). The document is replete with *post hoc* rationalizations specifically intended to rebut points that were made in Plaintiffs' summary judgment brief. For example, Plaintiffs' brief discussed how the inadequacy of Michigan's regulatory mechanisms imperiled the gray wolf population. *See, e.g.*, Dkt. 27-2 at 35-36; *cf.* 16 U.S.C. § 1533(a)(1)(D) (species must be listed if threatened due to "the inadequacy of existing regulatory mechanisms"). In a transparent effort to dissuade concerns about the adequacy of Michigan's regulatory mechanisms, the proffered document baldly asserts that "[t]he Michigan DNR is committed to maintaining a viable Michigan wolf population above a level that would warrant its classification as threatened or endangered . . . ." Hogrefe Decl. ¶ 11; *see also id.* ¶ 18 (arguing that Michigan's "wolf-plan revision process has in no way caused a gap in Michigan's regulatory mechanisms").

Were there any doubt as to the proffered document's argumentative nature, those doubts are erased by the document's direct reference to Plaintiffs' brief. *See* Hogrefe Decl. ¶ 22 ("Despite suggestions by the Plaintiffs . . . ."). In short, the proffered document, which even includes an argument by analogy, *id.* ¶ 26, represents a piece of advocacy manufactured for purposes of this litigation. The proffered document also includes numerous references to

information that post-dates the Final Rule or is otherwise outside the administrative record. *See, e.g.*, Hogrefe Decl. ¶¶ 3, 7-8, 12, 14-15, 19-20, 26-27, 29-30.

This is not the first time advocates of wolf delisting have tried to supplement the record with this *post hoc* litigation document. On January 24, 2008, *amicus curiae* Michigan DNR filed a motion to supplement the record with the Hogrefe Declaration. Dkt. 48. The Michigan DNR filed this motion notwithstanding the well-settled rule that *amici* may neither file motions nor conduct discovery. *See Citizens Against Casino Gambling v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007). Plaintiffs filed an opposition to this motion on February 1, 2008, and the Michigan DNR opted not to file a reply brief. Now, more than a month after that motion was fully briefed, Intervenors have sought to introduce the same document, forcing Plaintiffs to brief this issue yet again.

## ARGUMENT

Except in certain limited circumstances, judicial review of agency action is confined to the administrative record. *Humane Soc'y of the United States v. Dep't of Commerce*, 432 F. Supp. 2d 4, 14 (D.D.C. 2006) ("*HSUS*"); *Carlton v. Babbitt*, 26 F. Supp. 2d 102, 106 (D.D.C. 1998). This Circuit has recognized eight exceptions to the general rule limiting judicial review to the record. *See HSUS*, 432 F. Supp. 2d at 14; *see also Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989) (listing the exceptions). In this case, there are several reasons why the Court should reject Intervenors' effort to supplement the record. First, the proffered document does not fall within one of the *Esch* exceptions. Second, the proffered document, which is filled with *post hoc* justifications for the Final Rule, is an argumentative document inappropriate for inclusion in an administrative record. Intervenors' motion should be denied.

**I.     THE PROFFERED DOCUMENT FAILS TO SATISFY THE *ESCH* STANDARDS.**

In their motion to supplement, Intervenors do not seriously address any of the *Esch* factors. Instead, they argue that the proffered document should be added to the administrative record because it "refutes Plaintiffs' inaccurate allegations regarding Michigan's funding and implementation of their [*sic*] wolf management plan." Dkt. 59 at 3. This argument is virtually identical to the justification offered by the Michigan DNR, namely, that this *post hoc* declaration is necessary to correct Plaintiffs' purported "mischaracterizations of the administrative record." Dkt. 48 at 4.[1]

Plaintiffs vigorously dispute the notion that their summary judgment briefing includes any mischaracterizations of the record. But even assuming, for the sake of argument, that Intervenors' and the DNR's accusations had any merit, supplementation of the record would be improper because there is no exception to the record review requirement based on a party's alleged mischaracterizations of the record. *Cf. Esch*, 876 F.2d at 991. Because Plaintiffs' purportedly "inaccurate allegations" were based on the administrative record, the DNR and Intervenors could have corrected those errors by pointing out how Plaintiffs' arguments are inconsistent with the record. There is no basis for manufacturing new, *post hoc* declarations to rebut Plaintiffs' record-based arguments.

Intervenors try to analogize the Hogrefe Declaration to the Declaration of Dan Stark ("Stark Declaration"), which Intervenors previously submitted to the Court. *See* Dkt. 34-2. But these two documents are not comparable. Plaintiffs did not oppose admission of the *factual portions* of the Stark Declaration because they contain specific, objective funding information

---

[1] Intervenors have apparently incorporated the Michigan DNR's argument by reference. *See* Dkt. 59 at 3.

4

that the Minnesota DNR had previously withheld from Plaintiffs, thereby clarifying the extent to which Minnesota's wolf management program is being underfunded. *See* Dkt. 35 at 11-12 (discussing admission of the factual portions of the Stark Declaration); Dkt. 52 at 28 (addressing Minnesota's funding shortfall of $141,000 annually). This factual information relates to a central assumption of the Final Rule, namely, that the state wolf management plans "will be funded and implemented largely as written." 72 Fed. Reg. at 6068. The factual portions of the Stark Declaration were also permissible because they respond to an *extra-record* document that Plaintiffs sought to admit – the Minnesota DNR's response to Plaintiffs' Minnesota Data Practices Act request. *See* Dkt. 28 (Plaintiffs' Motion to Supplement).[2]

By contrast, the Hogrefe Declaration, which is littered with *post hoc* justifications and arguments, provides virtually no factual information about the extent to which Michigan's wolf management program is currently underfunded. This document's funding-related discussion is either conclusory, *e.g.*, Hogrefe Decl. ¶¶ 4-6, self-serving and argumentative, *id.* ¶ 20, or solely historical in nature, *id.* ¶ 7. Vague proclamations that the "[f]unding and implementation of the Michigan wolf management plan has been and continues to be adequate," or that the federal government covered "[r]elatively few costs" prior to delisting, provide little insight into the issues of this case. *Id.* ¶¶ 6, 20. Supplementation under *Esch* is not appropriate.

---

[2] In their Opposition to Plaintiffs' Motion to Supplement, Intervenors opposed any supplementation of the record, arguing that "the *Esch* exception does not apply to this case." Dkt. 34 at 10. Intervenors sought admission of the Stark Declaration only in the alternative, and only for the limited purpose of clarifying "the events and issues described in [Plaintiffs'] extra-record submission." *Id.* at 2.

5

II.  **THE PROFFERED DOCUMENT SHOULD BE REJECTED AS A *POST HOC* LITIGATION DOCUMENT.**

The proffered document should also be rejected as an improper attempt to introduce *post hoc* rationalizations into an administrative review case. *See HSUS*, 432 F. Supp. 2d at 14 (noting that judicial review is generally restricted to the record "*at the time the decision was made*") (citation omitted) (emphasis added). Courts have consistently rejected efforts to introduce *post hoc* documents into administrative review cases. *See Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984) (noting the danger that extra-record review could allow an agency to "take advantage of post hoc rationalizations"); *AT&T Info. Sys., Inc. v. GSA*, 810 F.2d 1233, 1236 (D.C. Cir. 1987) (recognizing that "we have repeatedly . . . bar[red] introduction of litigation affidavits to supplement the administrative record"); *Ad Hoc Metals Coalition v. Whitman*, 227 F. Supp. 2d 134, 137 (D.D.C. 2002) (noting that a court "may not entertain *post hoc* rationalizations where no rationale was set forth before"). In this case, Intervenors seek to supplement the record with a document that was prepared approximately two months ago, and which is an admitted effort to justify an agency decision made in February 2007. The Court should not permit this attempt to create a "new record made initially in the reviewing court." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729 743-44 (1985).

Moreover, the proffered document should be rejected as argumentative. An administrative record should only be supplemented with "evidence that is not argumentative" – arguments should be reserved for motions and briefs. *LeBoeuf, Lamb, Green & MacRae LLP v. Abraham*, 215 F. Supp. 2d 73, 82 (D.D.C. 2002); *Corel Corp. v. United States*, 165 F. Supp. 2d 12, 31-32 (D.D.C. 2001) (refusing supplementation of the record with declarations that were argumentative rather than explanatory). As noted above on pages 2-3, the proffered document attempts a point-by-point rebuttal of the arguments set forth in Plaintiffs' summary judgment

6

brief.[3]  *See, e.g.*, Hogrefe Decl. ¶ 22 ("Despite suggestions by the Plaintiffs . . . ."). The argumentative nature of the proffered document is an additional reason for denying this motion.

Because none of the *Esch* exceptions apply, and because the proffered document contains *post hoc* rationalizations and argumentation, the motion to supplement should be denied.

---

[3] By contrast, Plaintiffs have sought to supplement the record with a factual document that was not prepared specifically for this litigation.  *See* Dkt. No. 28 (Nov. 14, 2007).

**CONCLUSION**

For the foregoing reasons, Intervenors' motion to supplement the administrative record should be denied.

Dated: March 24, 2008                                Respectfully submitted,

/s/ Michael C. Soules & Rebecca G. Judd
Rebecca G. Judd, D.C. Bar No. 486315
rjudd@hsus.org
Jonathan R. Lovvorn, D.C. Bar No. 461163
jlovvorn@hsus.org
The Humane Society of the United States
2100 L Street, NW
Washington, DC 20037
(202) 452-1100
(202) 778-6132 (facsimile)

Brian B. O'Neill, Minn. Bar No. 82521
boneill@faegre.com
Sanne H. Knudsen, Minn. Bar No. 0344552
sknudsen@faegre.com
Michael C. Soules, D.C. Bar No. 477911
msoules@faegre.com
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000
(612) 766-1600 (facsimile)

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The Humane Society of the United States; Help Our Wolves Live ("HOWL"); Animal Protection Institute; and Friends of Animals and Their Environment, | ) ) ) ) ) ) |
| Plaintiffs, | ) **Civil No. 1:07-cv-00677-PLF** |
| v. | ) ) |
| Dirk Kempthorne, Secretary of the Interior; United States Department of the Interior; and United States Fish and Wildlife Service, | ) ) ) ) |
| Defendants, | ) ) |
| U.S. Sportsmen's Alliance Foundation, Wisconsin Bear Hunters Association, *et al.*, | ) ) ) |
| Intervenor-Defendants, | ) ) |
| Safari Club International, National Rifle Association, *et al.*, | ) ) ) |
| Intervenor-Defendants. | ) ) |

## PROPOSED ORDER

Upon consideration of the Motion to Supplement the Record filed by Intervenor-Defendants U.S. Sportsmen's Alliance Foundation *et al.* and Safari Club International *et al.*, and the responses and replies thereto, it is

**ORDERED** that the motion to supplement is **DENIED**; and it is

**FURTHER ORDERED** that all references to the Declaration of Todd Hogrefe in Defendant-Intervenors' Reply To Plaintiffs' Opposition To Defendant-Intervenors'

2

Motion For Summary Judgment are hereby stricken and shall not be considered in resolving the above-captioned matter.

**SO ORDERED**.

Dated:_____                                  _____
                                                      The Honorable Paul L. Friedman
                                                      United States District Judge

**ATTORNEYS TO BE NOTIFIED**

**Attorneys To Be Notified Electronically:**

Rebecca G. Judd
rjudd@hsus.org
Jonathan R. Lovvorn
jlovvorn@hsus.org
THE HUMANE SOCIETY OF THE UNITED STATES
2100 L Street, NW
Washington, DC  20037
(202) 452-1100
(202) 778-6132 (facsimile)

Brian B. O'Neill
boneill@faegre.com
Sanne H. Knudsen
sknudsen@faegre.com
Michael C. Soules
msoules@faegre.com
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
(612) 766-7000
(612) 766-1600 (facsimile)
*Attorneys for Plaintiffs*

Jimmy A. Rodriguez
U.S. DEPARTMENT OF JUSTICE
P.O. Box 7369
Washington, DC 20044
(202) 305-0342
Fax: (202) 305-0275
jimmy.rodriguez@usdoj.gov

Kristen Lyn Gustafson
U.S. DEPARTMENT OF JUSTICE
ENVIRONMENT AND NATURAL RESOURCES DIVISION
601 D Street, NW
Washington, DC 20004
(202) 305-0211
(202) 305-0275 (fax)
kristen.gustafson@usdoj.gov
*Attorneys for Federal Defendants*

4

William P. Horn
whorn@dc.bhb.com
James Hardwick Lister
jlister@dc.bhb.com
BIRCH, HORTON, BITTNER AND CHEROT
1155 Connecticut Avenue, NW
Suite 1200
Washington, DC 20036
(202) 659-5800
Fax: (202) 659-1027
*Attorneys for Intervenor-Defendants U.S. Sportsmen's Alliance Foundation, et al.*

Anna Margo Seidman
aseidman@cox.net
Douglas Scott Burdin
dburdin@sci-dc.org
SAFARI CLUB INTERNATIONAL
501 2nd Street, NE
Washington, DC 20002
(202) 543-8733
Fax: (202) 543-1205
*Attorneys for Intervenor-Defendants Safari Club International et al.*